FRANK CAGLE *v.* STATE.

[63 South. 672.]

CRIMINAL LAW. *Intoxicating liquors. Venue. Evidence.*

    In a prosecution for the unlawful sale of intoxicating liquors before a mayor as ex-officio justice of the peace, where the evidence fails to show that the sale occurred within the city limits or before the date of the affidavit, a conviction is not authorized.

APPEAL from the circuit court of Alcorn county.

HON. CLAUDE CLAYTON, Judge.

Frank Cagle was convicted of the unlawful sale of intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*W. C. Sweat,* for appellant.

When the state rested its case the appellant moved the court to require the state to elect on which sale it would ask a conviction. This motion the court overruled. The conviction could not have rested and been sustained on the testimony of Deloach for it had failed to show by him that the sale took place inside the corporate limits and had also failed to show by him that the sale took place prior to the date laid in the affidavit. A conviction could not have rested and been sustained on the evidence with reference to the other alleged sale for the reason that the testimony was too indefinite in that case about when the sale took place, it not having been shown that the sale took place prior to February 19th by one

witness and nothing at all having been shown about when it took place by the other witness. If a conviction could not have been rested on either of the aforesaid sales, it certainly could not have rested and been sustained on both of the alleged sales put together.

Under the authority of *Harvey* v. *The State,* 95 Miss. 601, this case should be reversed and remanded. SMITH, J., delivering the opinion of the court in that instance said: "Appellant was convicted in the court below on an indictment charging him with the unlawful sale of intoxicating liquors. One such sale was shown by the evidence of the witness, Ainsworth, who was then permitted to testify, over the objection of the appellant, that he had been purchasing whiskey from appellant prior to the time of said sale, without specifying any particular sale or when or where the same took place. This action of the court, among other things, is assigned as error.

"There was a sharp conflict in the evidence. It is true that under section 1762 of the Code of 1906, the state, on the trial of a case of this character, is not confined to proof of a single sale; but, if proof of other sales is made, it must appear that they are not barred by the statute of limitations, and they must be proven with the same degree of certainty that the one sale necessary to convict must be proven."

If it must be made to appear from the testimony with certainty that the alleged sales are not barred by the statute of limitations it certainly must be made to appear with an equal degree of certainty that the sales were made prior to the date laid in the affidavit or in the indictment as the case may be.

In the case above referred to it was not made to appear with any degree of certainty that the alleged sales were not barred by the statute of limitations and the court said the cause must be reversed on this ground. In the present instance it is not made to appear that the sale took place prior to the 19th day of February, then

by analogy the case at bar ought to be reversed and re-
manded for the above reasons, and on the authority of
*Harvey* v. *The State, supra,* I submit that the case at
bar ought to be reversed and the defendant either dis-
missed or the cause remanded for a new trial.

*Geo. H. Ethridge,* assistant attorney-general, for the
state.

It is contended in the brief for the appellant that the
sale testified to by Charley Deloach does not show that
the sale took place in the town of Corinth. I submit that
the testimony does show that the sale took place on the
streets of Corinth and that Cagle lived in Corinth and
that the sale was made within fifty yards of his place and
in front of Carpenter's house.

It is further contended that Deloach's testimony does
not show that the sale was made prior to the date in
the affidavit. The testimony shows that the sale took
place about the middle of the month and the time al-
leged in the affidavit was on the 19th of the month and
as February only has twenty-eight days, it would leave
a margin of five days, and it is clear that the sale was
made before the affidavit charged it to have been made.
It is not necessary for it to show that the sale took place
on the day alleged as contended by the appellant. All
that is necessary is for it to show that it occurred within
a period of two years prior to the date alleged in the
affidavit.

Appellant contends also that the testimony is insuffi-
cient to support a conviction on the other sales. I submit
that the testimony shows that the sale to the negroes oc-
curred prior to the date alleged and their testimony is
that it took place in the first part of the year. A trial was
had before the justice of the peace on the 27th day of
February in which these parties seem to have been wit-
nesses, and it is certainly shown that it took place long
before that time, and it seems from the whole record

that the affidavit was made on account of the sales to these darkies. While it is true that one of the negro women didn't fix any date, yet her husband who testified to the same transaction and who, it seems, was present, fixes the date as being on the first part of the year.

Cook, J., delivered the opinion of the court.

Appellant was convicted for the unlawful sale of intoxicating liquors. The prosecution was begun before the mayor of the city of Corinth, as *ex officio* justice of the peace, and from a conviction in that court an appeal was taken to the circuit court, which court also convicted appellant; wherefore this appeal.

The state relied on several sales to different persons. C. A. Deloach, one of the state's witnesses, testified that he bought from appellant a pint of whisky. It is contended by appellant, and we think correctly, that this witness did not fix the venue of his purchase within the corporate limits of the city of Corinth.

Lula Murphy, another state's witness, testified that she, too, bought a pint of whisky from appellant, and in this she was corroborated by Jack Murphy, her husband; but neither witness testified that this sale occurred prior to the date of the affidavit.

*Reversed and remanded.*