EARNEST QUILLEN *v.* STATE.

[64 South. 736.]

1. CRIMINAL LAW. *Venue. Proof. Appeal. Jurisdictional facts. Code 1906, section 4936.*

Where on the trial of an indictment charging defendant with the sale of intoxicating liquors in a certain county, the evidence failed to show any sale in such county, the case on appeal will be reversed for failure to prove venue.

2. CODE 1906, SECTION 4936. *Appeal. Jurisdictional facts. Venue.*

Under Code 1906, section 4936, forbidding the reversal in a criminal case, except for errors in the court below, jurisdictional in their

character, unless such errors were made ground of special exception in the trial court, the failure to prove venue was jurisdictional, and might be assigned on appeal, although no exception had been taken in the court below.

APPEAL from the circuit court of Tishomingo county. HON. CLAUDE CLAYTON, Judge.

Earnest Quillen was convicted of the unlawful sale of liquors and appeals.

The facts are fully stated in the opinion of the court.

*Lamb & Warriner,* for appellant.

On an examination of the record we find that the venue was not proven by the state on the trial of this cause, so we respectfully submit that the motion for a new trial should have been sustained and that the case should be reversed by this court. *Cagle* v. *State,* 63 So. 672.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

We submit that the assignment of error of appellant is without merit, because in his motion for a new trial appellant did not assign as error the failure of the state to prove the venue. Three grounds for a new trial were assigned by appellant but he failed to mention the fact that the state did not prove the venue.

Failure to prove the venue can be assigned for error only when made ground for special objection or exception at the trial in the court below. *Burnett* v. *State,* 72 Miss. 994, 18 So. 432. This seems to be the correct rule. See, also, *Hunt* v. *State,* 61 Miss. 577; *Lea* v. *State,* 64 Miss. 201; 1 So. 245. In these two cases the principle is laid down that a case will not be reversed because of an omission of record or even of jurisdictional fact.

A clear case of unlawfully selling intoxicating liquors was proven by the state and there can be no question as to the guilt of appellant. The case was fairly and im-

partially tried and appellant cannot complain that a just and proper verdict was not rendered in this case.

We therefore respectfully submit that the case should be affirmed.

REED, J., delivered the opinion of the court.

Appellant was convicted on a charge of unlawful sale of intoxicating liquors, and was sentenced to pay a fine of two hundred dollars and to serve a term of ninety days in the county jail. He assigns as error the failure of the state to prove venue. The indictment charged that the offense was committed in Tishomingo county, but we are unable to find any testimony in the record to prove that the sale took place in that county. For this failure to prove venue this case is reversed. *Cagle* v. *State,* 63 So. 672.

There was no exception made during the trial to the failure of the state to prove venue. The exception is made for the first time in this court. In the brief for the state it is contended that such error could only be availed of where special objection or exception was made in the trial court. The cases of *Burnett* v. *State,* 72 Miss. 994, 18 So. 432, *Lea* v. *State,* 64 Miss. 201, 1 So. 51, and *Hunt* v. *State,* 61 Miss. 577, are cited to sustain this position. These case were decided before the adoption of the Code of 1906.

Section 4936 of the Code of 1906, providing that the judgment shall not be reversed for certain errors, is the same as section 4370 of the Annotated Code of 1892, with the addition of the following words: ''Except where the errors or omissions are jurisdictional in their character.'' The statute (section 4936, Code of 1906) now provides that a judgment in a criminal case shall not be reversed ''because of any error or omission in the case in the court below, except where the errors or omissions are jurisdictional in their character, unless the record shows that the errors complained of were made ground of special exception in that court.''

106 Miss. 53

The omission to prove venue is jurisdictional in its character. By statute it is permitted to assign such omission as error on the hearing of the appeal in this court, even when exception has not been taken in the trial court.

*Reversed and remanded.*