NORWOOD *v.* STATE.

[93 South. 354.   No. 22312.]

CRIMINAL LAW. *Failure to prove venue may be reviewed on appeal, although not raised below.*

  Venue in a criminal case is jurisdictional, and the failure of the state to prove venue may be reviewed in this court, although not raised in the court below.

APPEAL from circuit court of Simpson county.

HON. W. H. HUGHES, Judge.

Robert Norwood was convicted of feloniously making and distilling intoxicating liquors, and he appeals. Reversed and remanded.

*A. W. Dent* and *G. W. Merrill,* for appellant.

There is no evidence in the record of this case even tending to show that appellant made liquor in Simpson county or in the state of Mississippi. When the district attorney asked the witness Ducksworth, what county was this in? (see record page 7), he replied, in Simpson county; but the court will see from the record, that the witness was referring to the place where the appellant made the alleged confession and not to any place where the whiskey was made. Therefore no venue was proven even though the confession was otherwise competent evidence. The venue in a criminal case is jurisdictional, and the record on appeal must affirmatively show that it was proven. *Monroe* v. *State,* 103 Miss. 759, 60 So. 773, 58 So. 1; 51 Miss. 353; 86 So. 340.

We respectfully submit that the motion for a peremptory instruction in the lower court for the jury to find the appellant not guilty should have been sustained, for the reasons that the alleged confession was incompetent; that the *corpus delicti* was not proven; that the venue was not proven; therefore, this case should be reversed and a judgment entered here discharging the appellant.

*Wm. Hemingway,* assistant attorney general, for the state.

The defense offered no testimony. They rely upon the failure to prove a *corpus delicti.* The prosecution is based upon a confession. They never located any still or any apparatus for the manufacture of the liquor. The defendant had the liquor; its possession would have been unlawful. The appellant said he manufactured the liquor. This seems to be sufficient proof of the *corpus delicti.* In other words, a manufacturer must have existed. The manufacture of that liquor was unlawful, and defendant claimed to be the manufacturer.

It is not necessary in this state to warn the accused not to testify. No obligation rests on the sheriff. While appellant was right in saying it would have been better

to do that, still there is no obligation on any one to do so and a confession made such as this one, would certainly seem to be fair to all the rules pertaining to voluntary confession. He was promised nothing; he was not threatened with any punishment. All of the elements of an involuntary confession are missing in this case.

COOK, J., delivered the opinion of the court.

The appellant was convicted in the circuit court of Simpson county of feloniously making and distilling intoxicating liquors, and sentenced to the penitentiary for a term of three years, and from this conviction and sentence he prosecuted this appeal.

The evidence offered on behalf of the state was to the effect that the appellant was found in Simpson county, having in his possession at the time certain "moonshine" whisky, and that he confessed that he had manufactured or distilled this whisky a few days before that time. There is no evidence, however, that the whisky was distilled in Simpson county, but the record is entirely silent as to the place where the alleged offense was committed. The record on appeal must affirmatively show that venue was proven, and, since venue in a criminal case is jurisdictional, it can be raised for the first time in this court.

For the error in failing to prove the venue of the alleged crime, this cause is reversed and remanded.

*Reversed and remanded.*