## SLATON v. STATE.

[98 So. 838.   No. 23744.]

(Division B. Feb. 11, 1924.)

1. CRIMINAL LAW.  *Indictment and information.  Venue must be proved as laid in indictment; matter may be raised for first time on appeal.*

   In a criminal case the venue must be proved as laid in the indictment.  This is a matter necessary to show the jurisdiction of the cause, and can be raised for the first time on appeal.

2. CRIMINAL LAW.  *Courts will not take judicial notice of the boundaries of justice of the peace district; venue within jurisdiction of both justice of the peace and circuit court must be proved.*

   In a criminal case the venue must be proved in cases appealed from a justice of the peace court, showing that the offense was committed in the district of the justice of the peace from whose court the case was appealed and also in the jurisdiction of the circuit court, and as the boundaries of the justice of the peace district are not fixed by law, but by an order of the board of supervisors, the court cannot take judicial notice of such orders.

APPEAL from circuit court of Hinds county, First District.

HON. W. H. POTTER, Judge.

Will Slaton was convicted of the unlawful sale of intoxicating liquor, and he appeals.   Reversed and remanded.

*Flowers & Brown, C. L. Hester* and *J. H. Brumby,* for appellant.

The charge against appellant was by affidavit made before E. E. Frantz, justice of the peace, of supervisors' district No. 1, of Hinds county, Mississippi, by whom he was first tried and convicted.   At the trial in the circuit court it was not proven that E. E. Frantz was a justice of the peace of the first supervisors' district of

Hinds county; that the alleged offense was committed in said first supervisors' district; nor that it was committed in the first judicial district of Hinds county. No proof at all was made as to E. E. Frantz and the only evidence as to the place or venue of the alleged offense is testimony to the effect that it "happened up near Tougaloo, in the first district of Hinds county, Mississippi."

It was necessary for the state to show affirmatively that the alleged offense occurred in supervisors' district No. 1 of Hinds county, the justice's district before whom the affidavit was made; and in the first judicial district of Hinds county, to the circuit court of which district the case was appealed. *Monroe* v. *State,* 103 Miss. 759, 60 So. 773; *Elzey* v. *State,* 110 Miss. 502, 70 So. 579. The court cannot take judicial notice of the supervisors' district in which a town or city is situated. *Backenstoe* v. *Wabash, etc., R. R. Co.,* 86 Mo. 492; *Mayes* v. *St. Louis, etc., R. R. Co.,* 71 Mo. App. 140.

There are numerous other cases that have been reversed for failure to prove venue. *Cagle* v. *State,* 63 So. 672; *Quillen* v. *State,* 106 Miss. 831, 64 So. 736; *Norwood* v. *State,* 93 So. 354. Tougaloo is not an incorporated town, but a postoffice and flag stop, or perhaps a regular stop for local trains. Under the authority of the *Elzey case, supra,* the circuit court could not take judicial notice of what supervisors' district of Hinds county Tougaloo is in. Then we have only to decide what is the effect of the words, "In the first district of Hinds county, Mississippi." Is this designation equivalent to supervisors' district No. 1 of Hinds county, or to justice of the peace, district No. 1 of Hinds county? We insist that it is not and that it is not a proper or sufficient designation of such subdivision of the county. The phrase "first district of Hinds County, Mississippi," alone means nothing. One using that phrase might have in mind the first supervisors' district of Hinds county, or the first judicial district of Hinds county, but the person to whom it was used

would not know which one. A descriptive word, such as "supervisors" or "judicial," is necessary to give meaning to it.

However, even if "in the first district of Hinds county, Mississippi" means the first supervisors' district of Hinds county, it cannot also mean "in the first judicial district of Hinds county" for it cannot refer to both subdivisions. As said in *Isabel* v. *State*, 101 Miss. 371, 58 So. 1; "Where the laws create two judicial districts in any county, the effect is the same as to jurisdiction, as if there were two counties. An offense committed in one judicial district must be tried in the district in which the offense was committed, and cannot be tried in the other." This was also expressly held in the case of *Spivey* v. *State*, 58 Miss. 858.

*S. C. Broom,* Assistant Attorney-General, for the state.

We concede the law to be that the circuit court in this case was without jurisdiction if the justice of peace court was without jurisdiction. We further concede the law to be that venue is a jurisdictional question, and can be raised for the first time on appeal. There is ample authority for this last rule, but if there is any good reason supporting the rule I have never been able to understand it, or to appreciate it. When one has elected to surrender his person to the jurisdiction of the lower court and has entered a plea of "not guilty," and takes his chances for an acquittal or a conviction without having uttered one word of objection as to the jurisdiction of the court over such matter, or over his person and then having lost, why should he then for the first time be heard to say that the court was without jurisdiction to try the case.

The test in such a case is, if the appellant had been acquitted in the lower court, could the state have prosecuted him again for this same offense, or would the record in the present case be sufficient to show that he had been

tried and acquitted for the identical offense. A reasonable and just solution of a problem such as the one now confronting us is as follows: We concede that venue must be proven, but it is not always a question of fact to be submitted to the jury. It is never an issue of fact to be submitted to the jury unless on the trial of the case there is a conflict of evidence for the state, and for the defendant as to where the crime was committed. Unless this becomes an issue on the trial of the case, jurisdiction is a question of law to be submitted to the judge and not a question of fact to be determined by the jury. The record in this case will disclose that it was not an issue of fact raised on the trial of this case that made it necessary to submit it to the jury, and the record further shows that the trial judge was satisfied with the proof of venue submitted to him, and on the motion to set aside the verdict the trial judge, W. H. Potter, was called as a witness for the state and testified under oath that he knew judicially and personally that Tougaloo was in the first supervisors' district of Hinds county, and likewise in the first judicial district of Hinds county; he personally knew where the Western boundary line of the first judicial district was located, and testified that it was ten miles West of Tougaloo; and he personally knew that E. E. Frantz was justice of the peace of this district, and had been for three and one-half years.

Now if our theory of the law be correct that jurisdiction is a question of law to be determined by the court except in cases where there is a conflict of evidence making it a question of fact to be determined by the jury, then this case must be affirmed because the proof was sufficient to enable the trial judge in this case to know both personally and judicially that this crime was committed in supervisors' district No. 1, and in the first judicial district of Hinds county, Mississippi, and, therefore, E. E. Frantz, who is a justice of the peace of the first supervisors' district, had jurisdiction of the subject-matter,

and of the person of the defendant, and that being true, the circuit court likewise had jurisdiction on appeal. This reasoning does no violence to the case of *Elzey* v. *State*, 110 Miss. 502, 70 So. 579, but on the contrary the Elzey case is authority for our view of the law in such cases.

The case of *Norwood* v. *State*, 93 So. 354, cited by counsel for appellant is a case where the appellant was convicted for the manufacture of intoxicating liquor, but there was no evidence that the whisky was distilled in Simpson county, and the record was entirely silent as to the place where the alleged offense was committed. That case was very properly reversed.

Argued orally by *C. L. Hester*, for appellant, and *S. C. Broom*, Assistant Attorney-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was tried and convicted of the sale of intoxicating liquor, and was fined five hundred dollars and three months imprisonment in the county jail, from which judgment he appeals.

The case originated in the justice of the peace court of justice of the peace district No. 1, Hinds county, and the evidence charges the selling of whisky in the said district, county, and state. There was a conviction in the justice of the peace court and a fine of three hundred dollars and ninety days' imprisonment in the county jail, from which the appeal was prosecuted to the circuit court.

The first assignment of error is that the venue was not sufficiently proven to show jurisdiction of the court below, or that the offense was committed in the justice of the peace district No. 1 of Hinds county and circuit court district No. 1 of Hinds county. The proof shows that the sale was committed at Tougaloo, in the first district of Hinds county, Miss. This was the only proof as to the venue of the offense. After a conviction there was

a motion for a new trial on the ground, among others, that the venue was not proven. The state placed the circuit judge on the stand, who testified on the motion for a new trial that Tougaloo was in the first circuit court district of Hinds county and also in the first supervisor's district thereof.

It is well settled in this state that the venue must be proven as charged in the indictment, and on the appeal of cases from the justice court the proof must show that the justice of the peace had jurisdiction to try the offense; that is, that the offense was committed in the justice of the peace district as well as in the county and state, and in a case where there are two judicial districts in the county that it was within the proper judicial district. *Monroe* v. *State,* 103 Miss. 759, 60 So. 773; *Elzey* v. *State,* 110 Miss. 502, 70 So. 579. Failure to prove venue is jurisdictional and can be raised in this court. *Norwood* v. *State,* 129 Miss. 813, 93 So. 354; *Quillen* v. *State,* 106 Miss. 831, 64 So. 736; *Cagle* v. *State,* 106 Miss. 370, 63 So. 672.

The proof here shows that supervisor's district No. 1 lies partly in the first district of Hinds county and partly in the second district. The state contends that we shall take judicial notice that Tougaloo is in the first district of Hinds county and also in the first justice of the court district of Hinds county. Tougaloo is not an incorporated town, and if it were we could not judicially know that it was in the first justice of the peace district, because the districts of the justice of the peace courts were not fixed by statute, but are fixed by orders entered upon the minutes of the board of supervisors of which we do not take judicial notice. Cases above cited.

As to the other assignments of error we think it is not necessary to pass upon the questions therein presented, for the reason they may not recur on another trial.

The judgment will be reversed for the errors above indicated.

*Reversed and remanded.*