CROSBY *v.* STATE.*

(Division B. Oct. 13, 1924.)

[101 So. 437. No. 24410.]

CRIMINAL LAW. *On appeal, state must prove misdemeanor committed within jurisdiction of justice of peace who tried case.*

Where one is charged with a misdemeanor in an affidavit and tried and convicted in a justice of the peace court, on appeal to the circuit court it is necessary for the state to prove that the alleged offense was committed within the jurisdiction of the justice of the peace who tried the cause.

*Headnote 1. Criminal Law, 16 C. J., section 705.

APPEAL from circuit court of Leflore county.

HON. S. F. DAVIS, Judge.

Lloyd Crosby was convicted of the unlawful possession of intoxicating liquors, and he appeals. Reversed and remanded.

*Osborn & Witty,* for appellant.

The state wholly failed to prove venue, in that the proof wholly fails to show in what justice of the peace district of Leflore county the alleged offense was committed. Under the settled law, as laid down in repeated decisions of this court, such failure on the part of the state to prove the venue entitles appellant to a reversal of the judgment of the circuit court.

This point was raised in the circuit court by appellant's motion to exclude all the evidence offered on behalf

of the state and to instruct the jury to find for the defendant, which motion was overruled by the court, to which the appellant excepted. This point was also raised in the court below by the peremptory instruction which defendant requested, and which was refused by the court.

But even though appellant had failed to raise this point in the court below, it is well settled that "failure to prove venue is jurisdictional and can be raised in this court." *Slaton* v. *State,* 98 So. 838, citing *Norwood* v. *State,* 129 Miss. 813, 93 So. 354; *Quillen* v. *State,* 106 Miss. 831, 64 So. 736; *Cagle* v. *State,* 106 Miss. 370, 63 So. 672; *Monroe* v. *State,* 103 Miss. 759, 60 So. 773.

It is also settled by the decisions cited above, as well as by the comparatively recent case of *Elzey* v. *State,* 110 Miss. 502, 70 So. 579, that: "The venue must be proved as charged in the affidavit, and on the appeal of cases from the justice court the proof must show that the justice of the peace had jurisdiction to try the offense; that is, that the offense was committed in the justice of the peace district as well as in the county and state." The record in the case at bar does show that the offense was committed in Leflore county, Mississippi, but does not even attempt to hint in what justice of the peace district the offense was committed.

*E. C. Sharp,* Assistant Attorney-General, for the state.

The facts as stated in the brief of appellant are true and correct. Nowhere in the record is there any testimony to show in what justice of the peace district the crime was committed. Being familiar with the rule laid down in the cases of *Stanton* v. *State,* 98 So. 838, *Norwood* v. *State,* 129 Miss. 813, *Elzey* v. *State,* 110 Miss. 502, and numerous other decisions of this court upon the question presented, we submit the case without argument.

SYKES, P. J., delivered the opinion of the court.

An affidavit was made against the appellant before a justice of the peace, charging him with unlawfully having liquor in his possession. In this court he was convicted, and appealed to the circuit court, and was again tried and convicted, from which judgment of conviction this appeal is here prosecuted.

The testimony introduced in his trial in the circuit court fails to show in what justice of the peace district of the county the alleged offense was committed. This was a fatal omission on the part of the state. It is necessary for the state to prove that the alleged offense was committed within the jurisdiction of the justice of the peace who originally tried the cause. As stated in the opinion of the court in *Elzey* v. *State,* 110 Miss. 502, 70 So. 579:

"In the trial of the case in the circuit court, it was necessary for the state to show affirmatively that the alleged crime was committed in the justice of the peace district in which the affidavit was made."

Other cases bearing upon this question are *Norwood* v. *State,* 129 Miss. 813, 93 So. 354; *Quillen* v. *State,* 106 Miss. 831, 64 So. 736; *Cagle* v. *State,* 106 Miss. 370, 63 So. 672; *Monroe* v. *State,* 103 Miss. 759, 60 So. 773.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*