## Sullivan *et al. v.* State.*

(Division B. Nov. 10, 1924.)

[101 So. 683.   No. 24260.]

Indictment and Information. *State must prove venue as charged.*
  In a prosecution for adultery, it is necessary for the state to prove
  that the alleged crime was committed within the jurisdiction
  of the court as charged in the indictment.  The venue is juris-
  dictional.

*Headnote 1.  Indictments and Informations, 31 C. J., section 439.

Appeal from circuit court of Simpson county.
Hon. W. L. Cranford, Judge.
Alex Sullivan and another were convicted of adultery,
and they appeal.  Reversed and remanded.

*A. M. Edwards,* for appellant.

The court erred in not sustaining the motion of the
defendants, when the state had rested its case, to per-
emptorily instruct the jury to find the defendants not
guilty, as it is not shown by the record that defendants
committed adultery in said Simpson county, and there-
fore venue was not proven.

There is no evidence whatever in the record to prove
or that even tends to prove that the appellants com-
mitted adultery in Simpson county.  It is true that Mat-
tie Ingram, witness for the state, testified that the appel-
lant, Jane Caton went to her house and stayed there one
week lacking one day during the month of August, 1923,
and that appellant, Alex Sullivan stayed part of the time
and that she saw the said appellants in the bed together
one time, but we submit that it was not shown that the
appellants were in Simpson county on said occasion when
they were in bed together or in what county witness Mat-
tie Ingram was residing on said occasion.

Venue is an essential element of the offense, and the rule of law on this point is too well established in this state to require citation of authority.

*E. C. Sharp,* Assistant Attorney-General, for the state.

It is contended by appellants that the venue was not sufficiently proven. Taking the record as a whole the venue was sufficiently proven and there is no merit in this contention.

Argued orally by *A. M. Edwards,* for appellant and *E. C. Sharp,* Assistant Attorney-General, for the state.

SYKES, P. J., delivered the opinion of the court.

Appellants were jointly indicted, tried, and convicted of the crime of adultery, and prosecute this appeal.

It is unnecessary to set out in detail the testimony. Suffice it to say that the only testimony tending to sustain the allegations of the indictment was that of the witness Mattie Ingram, who testified in substance that these appellants stayed at her house for nearly a week, and there occupied the same room, and that on one occasion she saw them in bed together. The state, however, failed to prove that the home of Mattie Ingram at that time was in Simpson county. It devolved upon the state to prove the venue, which is jurisdictional, and for this failure the judgment of the lower court must be reversed, and the cause remanded.

*Reversed and remanded*