SANDIFER *v.* STATE.*

(Division B. Dec. 8, 1924.)

[101 So. 862. No. 24508.]

1. INDICTMENT AND INFORMATION. *Failure of state to prove venue, necessitates reversal.*

   The state in a criminal case must prove the venue. A failure to so prove is jurisdictional, and necessitates the reversal of a cause.

2. CRIMINAL LAW. *Neither the affidavit for search warrant, nor the warrant, is evidence of venue.*

   Neither the affidavit for a search warrant, nor the search warrant, when introduced in evidence, is evidence of the venue.

3. CRIMINAL LAW. *Neither court nor jury can infer from testimony that offense occurred in another county, that witness meant to state county where trial was being held.*

   When the only testimony as to venue is that the alleged offense occurred in another county, neither the court nor jury can infer that the witness meant to state the county where the trial was being held.

---

*Headnotes 1. Indictments and Informations, 31 C. J., section 439; 2. Criminal Law, 16 C. J., section 1573; 3. Criminal Law, 16 C. J., section 1572.

Appeal from circuit court of Copiah county.

Hon. E. J. Simmons, Judge.

Turner Sandifer was convicted of the unlawful possession of a distillery, commonly called a still, and he appeals. Reversed and remanded.

*M. S. McNeil,* for appellant.

On this appeal there are two questions raised by the appellant: First: Is it necessary for the state to show by proof that the crime was committed in the county in which the defendant is being tried and in which the indictment charges the crime to have been committed? Second: Under Amendment 4 of the federal Constitution, section 23 of the Mississippi Constitution, and section 2088, of Hemingway's Code, can a lawful search warrant issue, commanding the officer to search more than one place, or must a search warrant be confined to one particular place?

Instead of laying the venue in Copiah county, it was shown affirmatively that the crime was committed in Pike county, Mississippi. It is too elementary and well settled that the state must prove the venue of the crime before the court will have jurisdiction for us to make any extended argument on this proposition. *Nuson* v. *State,* 1 Miss. 562; *Thompson* v. *State,* 51 Miss. 353; *Vaughan* v. *State,* 11 Miss. 553; *Isabel* v. *State,* 101 Miss. 371.

With reference to the second question: Nowhere in the Constitution or in the statutes do we find any authority for the issuance of a search warrant, commanding the officer to search more than one particlar place, and yet in this case we have a search warrant commanding the officer to diligently "search the residence, premises, automobiles, and all outhouses."

The provision of our Constitution, guaranteeing to the citizens of our state personal rights, and liberties, in-

cluding protection from unreasonable searches and seizures, should be given a broad construction, so as to effectuate the letter and the spirit of such provision. *Tucker* v. *State,* 128 Miss. 223.

*F. S. Harmon,* Assistant Attorney-General, for the state.

I. THE AFFIDAVIT AND SEARCH WARRANT WERE PROPER AND VALID. It is contended by counsel for the appellant that the affidavit and search warrant in this case covered too much. There is no merit in appellant's contention. The search warrant introduced in evidence as an exhibit to deputy sheriff's testimony, R. 15, states that whereas complaint has been made, etc., that liquor is being kept for sale, etc., in violation of law on the premises occupied by Turner Sandifer in said county and state, District 5, therefore, we command you, etc., to search the "residence, premises, automobiles and all outhouses for said liquors and any vessels and appliances, making known to the occupant thereof, if any, your authority, etc., and to seize the vessels and bring them before the issuing justice, together with the body of Turner Sandifer. The return reads as follows: "Executed personally by searching the premises of Turner Sandifer and finding two quarts of whisky and equipment for making whisky, and by placing the said Turner Sandifer under arrest. This April 18, 1924, J. D. MILLER, Sheriff." The court will see that this is the common form of search warrant in use in this state, and that the officers were authorized by it to search on the premises occupied by Turner Sandifer, and while searching on these premises to search (1) the residence, (2) the premises, (3) automobiles, (4) all outhouses. It is quite clear that "automobiles" is used in the same sense as "outhouses and residence" and it appears as a matter of fact from the evidence that it was a broken down automobile on the prem-

ises in which the officers found part of this outfit hidden.

II.   VENUE IN THIS CASE WAS SUFFICIENTLY PROVED.   The court's attention is called to the fact that the affidavit for a search warrant was introduced in evidence as Exhibit "A" to the testimony of Deputy Sheriff Ramsey and is found on page 14 of the record.   This affidavit is, therefore, as much a part of the evidence in this case as any word spoken by the witnesses for the state.   Now this affidavit begins, "state of Mississippi, Copiah county," and following the usual form, states that one D. T. Lowe makes affidavit, etc., that intoxicating liquors are being manufactured, etc., "in the dwelling house, outhouses, upon the premises, in the automobiles or other vehicles used or occupied by and on the person of Turner Sandifer, District 5, near Georgetown, in said county and state, etc.   It appears from a reading of the entire testimony of the case, including the warrant and affidavit which are as much a part of Deputy Sheriff Ramsey's testimony as his statement that this was in Pike county, that the venue was adequately proved and that the Copiah county circuit court had jurisdiction of this cause.

The attention of the court is called to *Hathorn* v. *The State,* No. 24,244, affirmed *per curiam,* where the state used the original affidavit upon which the appellant was tried in the justice of peace court as one link in the chain by which the state proved the venue in that case.   If the original affidavit in justice of peace court can be used by the state as a link in the chain to prove venue, then clearly the affidavit for search warrant and the search warrant itself, and the return thereon when formally introduced as evidence may be used in the same manner for a like purpose.

SYKES, P. J., delivered the opinion of the court.

The appellant, Turner Sandifer, was indicted, tried, and convicted of having in his possession a distillery,

commonly called a still. By the judgment of the court he was sentenced to serve a term of two years in the penitentiary, from which judgment this appeal is here prosecuted.

The affidavit for a search warrant and the search warrant were both introduced in evidence by the state. Both of these in effect describe the place to be searched as the residence, premises, automobiles, and outhouses occupied by Turner Sandifer in district No. 5, Copiah County, Miss., near Georgetown. A deputy sheriff who testified to the finding of the distillery on the premises of the appellant testified that is was in the state of Mississippi, Pike county.

One of the causes for reversal urged by the appellant is the failure of the state to prove venue. The venue, of course, must be proven. This question is jurisdictional. A failure to prove venue necessarily results in a reversal of a cause. While the only witness who testified as to the venue for the state laid it in Pike county instead of Copiah, it is the contention of the state that this was a *lapsus linguæ*, and that the witness meant to say Copiah county instead of Pike. We do not know what he meant to say, but we do know that he said Pike county, and we have no reason to know that the witness meant Copiah.

It is next insisted by the state that since the affidavit and search warrant were both introduced in testimony, and both allege the residence and premises to be searched as being in Copiah county, then we can consider the search warrant and affidavit as tending to prove the venue. This position is not tenable. Neither the affidavit nor search warrant is testimony of the venue. The only purpose served by the introduction of these papers is to show that there was a proper affidavit and a valid search warrant issued thereupon. This is the only question to which this testimony pertains. While it is true that the proper venue must be laid in the affidavit and search

warrant, they are not proof of this fact. This case then resolves itself into one where the only testimony about where the offense was committed is that it was committed in a different county from the one in which the appellant was indicted and tried.

For failure to prove the venue the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*