### PICKLE *v.* STATE.*

(Division B. Dec. 8, 1924.)

[102 So. 4. No. 24321.]

1. CRIMINAL LAW. *Indictment and information. Venue must be proven as laid in indictment or affidavit; absence of proof of venue as laid in indictment or affidavit may be raised in supreme court for first time.*

In a criminal case the venue is jurisdictional and must be proven as laid in the indictment or affidavit, and the absence of this proof may be raised in the supreme court for the first time.

2. CRIMINAL LAW. *Evidence of affidavit and search warrant does not establish venue; only efficacy of affidavit and search warrant as evidence is to establish rightfulness of search and seizure.*

In a prosecution for a criminal offense predicated upon evidence found by means of an affidavit and search warrant, which affidavit and search warrant are introduced by the State, the introduction in evidence of the affidavit and search warrant does not establish venue. The only efficacy of such affidavit and search warrant as evidence is to establish the rightfulness of the search and seizure, and the recitals of these do not prove venue or other element of the crime charged.

---

*Headnotes 1. Criminal Law, 17 C. J., Section 3330 (1926 Anno.); Indictments and Informations, 31 C. J., Section 439; 2. Criminal Law, 16 C. J., Section 1572.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

Curtis Pickle was convicted of the unlawful possession of intoxicating liquors, and he appeals. Reversed and remanded for new trial.

*Jas. T. Crawley* and *W. T. Triplett,* for appellant.

I have read the record very carefully, and after reading it over several times, I do not find where the state ever showed the venue of its cause of action. That being true, it can be raised for the first time in supreme court, and it will necessarily cause a reversal. That being a burden resting on the state, and it also, being a burden on the state for the record to show that the correct venue was proven, or that venue was proven so that the court might have jurisdiction, and it having failed to do so, the assignment of error filed as an amendment to the original assignment or error should be sustained.

I take it for granted that there will be no question raised about the right of an appellant to raise a question

of jurisdiction for the first time in supreme court. Venue is a question of jurisdiction of course, and therefore can be raised here for the first time. It is absolutely necessary to prove venue before a conviction can stand. *Coon* v. *State,* 13 S. & M. 246; *Thompson* v. *State,* 51 Miss. 353; *Isabel* v. *State,* 58 So. 1; *Norwood* v. *State,* 83 So. 354.

*Jas. T. Crawley* and *W. T. Triplett,* for appellant.

The affidavit only authorized the search of a room in a building occupied by Curtis Pickle. Upon this affidavit a search warrant was issued, directing the search of said room or outbuildings, or on his premises, as will be seen from inspecting the search warrant. The search warrant can rise no higher than the affidavit authorizing the search. The affidavit is that which gives the officer issuing the search warrant the right to issue the search warrant. Sec. 23 of the Constitution. It is a fundamental, and basic right of the issuance of the warrant directing the search. The search warrant to be issued is limited in its scope to the description as set forth in the affidavit. *Spears* v. *State,* 99 So. 361; Sec. 23, Constitution of Mississippi; *Tucker* v. *State,* 90 So. 845; *Owens* v. *State,* 98 So. 233; *Strangi* v. *State,* 98 So. 340; *Wash Williams* v. *State,* 100 So. 195.

We submit that the affidavit was void because of uncertainty of description. *Spears* v. *State, supra; Wash Williams* v. *State, supra.*

*E. C. Sharp,* Assistant Attorney-General, for state.

With the exception that no mention is made of the fact that appellant himself went on the stand and admitted everything testified to by the state's witnesses, the statement of facts by appellant are correct. However, we respectfully call to the attention of the court the fact that appellant himself went on the stand, this

being important for the reason that we are of the opinion that the search was not supported by a proper affidavit, the affidavit being, "That vinous, malt, alcoholic, intoxicating and spiritous. liquors are being kept and offered for sale and barter and are sold and bartered (or are being kept to give away and are being given away to induce trade) in violation of law, in a room of Curtis Pickle in a building occupied by Curtis Pickle, county of Leake, state of Mississippi," and the whiskey was found hidden in a barn belonging to appellant, the barn being about seventy-five yards from the house or room occupied by appellant. After the witnesses for the state, had testified to the finding of the whiskey in the barn, appellant went on the stand and admitted all of the facts testified to by the state's witnesses. *Blowe v. State,* 130 Miss. 112, 93 So. 577, 24 A. L. R. 1429.

Argued orally by *J. T. Crawley,* for appellant, and *E. C. Sharp,* Assistant Attorney-General, for state.

ETHRIDGE, J., delivered the opinion of the court.

Curtis Pickle was convicted in the circuit court of Leake county for having intoxicating liquors in his possession in district 2 of said county.. The prosecution came about by the issuance of a search warrant founded upon an affidavit in which affidavit it was alleged that the affiant "has reason to believe and does believe that vinous, malt, alcoholic, intoxicating and spirituous liquors are being kept and offered for sale and barter, and are sold and bartered (or are being kept to give away and are being given away to induce trade) in violation of law in a residence occupied by Curtis Pickle, in the county of Leake, state of Mississippi, and this suspicion is not feigned of malice to said Curtis Pickle, but is founded on credible information, which he believes to be true," and prays for the issuance of a search warrant. The warrant describes the premises to be searched as "in a building occupied by Curtis Pickle, or in a certain vehicle, to wit, on premises or on the

person of Curtis Pickle in the county of Leake, state of Mississippi,'' and commands the officer to make the search and enter the rooms, outbuildings, or premises by breaking if necessary, etc. Search was made and no liquors were found in the house or room occupied by Curtis Pickle. A store building was searched as well as the residence, and no liquor being found in them, the officer proceeded to search other parts of the place owned by Curtis Pickle, going outside of the yard and into a barn and lot and into the woods near the barn. While searching in the barn the feed trough was removed and a jug was found buried under the trough containing about a quart of ''moonshine'' whiskey.

On the trial in the circuit court the state failed to prove that the liquor was found in Mississippi and failure to prove venue is assigned for error. The attorney-general confesses that under former decisions of this court the proving of venue is essential to a conviction, but he urges that the affidavit and search warrant were introduced in evidence and that they described the premises of Curtis Pickle as being in Leake county, Miss., and in district 2 of that county. He concedes that the variance between the affidavit and the search warrant was fatal to their validity, but contends that Pickle admitted that the liquor was found by the officer in the barn on his premises, and that under previous decisions the validity of the search warrant and affidavit become immaterial.

In our view of the case the introduction of the search warrant and the affidavit upon which it was founded have no tendency to prove venue. The only evidential value they would have would be to justify a search and make legal evidence obtained by means of a search. At most, it is a mere charge and has no efficacy in establishing the venue of the case, and by reason of the failure of the state to prove venue the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*