## DORSEY *v.* STATE.*

(Division B. Feb. 8, 1926.)

[106 So. 827. No. 24742.]

1. CRIMINAL LAW. *State must prove venue in criminal case since failure to do so is jurisdictional; failure to prove venue may be raised for first time in supreme court; proof of venue by circum-*

*stantial evidence requires circumstances to be absolutely incon-*
*sistent with any other reasonable hypothesis.*

In a criminal case the state must prove the venue. A failure to do so is jurisdictional, and may be raised for the first time in the supreme court. While venue, like other elements of offense, may be proved by circumstantial evidence, still such circumstances must be absolutely inconsistent with any other reasonable hypothesis.

2. CRIMINAL LAW. *Transcript of proceedings before justice of the peace is essential to jurisdiction of appeal to circuit court; in case appealed from justice of the peace court to circuit court, judgment of latter court must be reversed, where record does not show transcript of first named court was in circuit court at time of trial.*

In an appeal from a justice of the peace court to the circuit court in a criminal case, a transcript of the proceedings before the justice of the peace is essential to the jurisdiction of the circuit court, and, where the record does not show that such transcript was in the circuit court at the time of the trial, the judgment must be reversed.

---

*Corpus Juris-Cyc. References; Criminal Law, 16 C. J., pp. 373, n. 8; 530, n. 56; 769, n. 91, 95, New; 17 C. J., pp. 67, n. 27; 112, n. 31.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

Henry Dorsey was convicted of selling intoxicating liquor, and he appeals. Reversed and remanded.

*D. H. Glass,* for appellant.

The state failed to prove that the alleged offense was committed in Mississippi. The word "Mississippi" nowhere appears in the transcript of the evidence. The last case reported in point is the case of *Monroe* v. *State,* 104 So. 451. See, also, *Pickle* v. *State,* 102 So. 4; *Carpenter* v. *State,* 102 So. 184; *Sullivan* v. *State,* 101 So. 437; *Sandifer* v. *State,* 101 So. 862; *Slaton* v. *State,* 134 Miss. 419, 98 So. 838; *Norwood* v. *State,* 129 Miss. 813, 93 So. 354; *Quillen* v. *State,* 106 Miss. 831, 64 So. 736; *Cagle* v. *State,* 106 Miss. 320, 63 So. 672.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

The rule of law laid down in *Pickle* v. *State,* 102 So. 4, cited by counsel, is in irreconcilable conflict with *Charley Ben* v. *State,* 103 So. 818, where the facts were almost identical with the case at bar. In that case, the proof as to venue was that the crime was committed at Standing Pine in Leake county, eight miles east of Carthage. There the court took judicial notice of the fact that Leake county is in the state of Mississippi. Whether or not the question of the court taking judicial notice of the fact that Leake county was in the state of Mississippi was argued in the Pickle case does not appear from a reading of that decision.

All the facts and circumstances taken together proved the venue in this case. The testimony of the witnesses for the state shows that the crime was committed in Leake county near the town of Dossville, close to the Attala county line. See *Hill* v. *State,* 112 Miss. 375, in which the court recognized the principle that judicial notice would be taken of the fact that a town was in the boundaries of a certain county for the purpose of proving venue in said county.

Argued orally by *D. H. Glass* for appellant and *J. L. Byrd,* Assistant Attorney-General, for the state.

Etheridge, J., delivered the opinion of the court.

The appellant was tried and convicted in the circuit court on the charge of selling intoxicating liquor, sentenced to pay a fine of five hundred dollars and to serve a term of ninety days in jail, from which judgment he appeals here.

The record shows that the state failed to prove the venue as laid in the affidavit, the prosecution having been begun in the justice of the peace court, the affidavit al-

leging that the offense was committed in district No. 1 of Leake county. None of the witnesses who testified in the case testified that the offense occurred in the state of Mississippi.

We have held repeatedly that venue is jurisdictional and must be proven, and that the question could be raised for the first time in this court. *Norwood* v. *State,* 129 Miss. 813, 93 So. 354; *Slaton* v. *State,* 134 Miss. 419, 98 So. 838; *Sullivan* v. *State,* 136 Miss. 773, 101 So. 683; *Sandifer* v. *State,* 136 Miss. 836, 101 So. 862; *Quillen* v. *State,* 106 Miss. 831, 64 So. 736; *Cagle* v. *State,* 106 Miss. 370, 63 So. 672; *Monroe* v. *State* (Miss.), 104 So. 451; *Pickle* v. *State,* 137 Miss. 112, 102 So. 4; *Carpenter* v. *State* (Miss.), 102 So. 184. The state, however, contends that the facts in the record are sufficient to show circumstantially that the offense was committed in district No. 1, Leake county, Miss.

It is true that venue may be proven by circumstantial evidence, but to so prove it the circumstances must not only be consistent with the defendant's guilt, but it must be absolutely inconsistent with any other reasonable theory. There is nothing in the record to identify with the requisite certainty the place of the commission of the offense. There were no questions asked with reference to the place where the trial was being conducted, nor was any other point proven to be in the state of Mississippi which would locate the distance with reasonable certainty. It is an easy matter to prove the venue in a criminal case ordinarily, and it is much safer to prove it by direct and positive evidence where that can be done.

The record did not contain a transcript from the justice court to the circuit court, and when the record reached here the attorney-general caused a *certiorari* to be issued commanding the clerk below to certify to the court a copy of the record of the proceedings in the justice court to the circuit court. It appears that after this writ was issued the justice of the peace who tried the case originally certified to the circuit court a transcript

of his record.  The certificate of the justice of the peace was dated November 30, 1925, whereas the trial occurred in the circuit court in November, 1924.  This justice of the peace transcript was marked filed November 30, 1925, by the clerk of the circuit court.

In order for the court to have had jurisdiction to try the case, the transcript of the record should have been before the court at the time of the trial, and we cannot entertain jurisdiction and the court below could not acquire jurisdiction subsequent to the rendition of the judgment.  It must have had jurisdiction at the time.

This is also a fatal error, for which the judgment must be reversed and the cause remanded.

*Reversed and remanded.*