WALDRUP *v.* STATE.*

(Division B. April 2, 1928.)

[116 So. 432. No. 27036.]

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 383, n. 71; p. 385, n. 2; p. 530, n. 61; p. 767, n. 87; 17CJ, p. 53, n. 90; p. 367, n. 74.

*II. B. Greaves,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

ETHRIDGE, J. The prosecution in this case was begun in a justice of the peace court, when appellant was charged with unlawfully interfering with, enticing away, and knowingly employing or inducing Mrs. Emma Sims, a laborer or renter, who had contracted with affiant, etc. Appellant was convicted in the justice of the peace court and appealed to the circuit court, where he was again tried and convicted.

The affidavit did not allege that the offense was committed in the justice of the peace district of the justice of the peace before whom the affidavit was made, but this affidavit was not demurred to, and as it was subject to amendment, the failure of the affidavit to allege the proper venue cannot be raised here. But, in addition thereto, the proof in the case failed to prove the venue to be within any particular justice of the peace district, and this failure is fatal to the conviction of the defendant.

We have repeatedly held that venue must be proved as it is jurisdictional and can be raised in this court for the first time.

The only proof as to venue, given by the prosecuting witness, the alleged employer or landlord, is that he lived in the Fifth supervisor's district of Madison county, and that H. Greenwalt, before whom the prosecution was instituted, was the justice of the peace of that district. It was further proved that Mrs. Sims, the alleged tenant, lived on the place of J. S. Cain, the prosecuting witness; but there was no proof that Cain had only one place or plantation, and there was no proof that the tenant lived in district No. 5.

It is a familiar rule that in criminal cases the state must prove every material allegation of the affidavit or indictment, by competent evidence, and beyond every reasonable doubt.

Venue is not to be presumed, but must be proved; and, therefore, the present record is wholly insufficient to establish venue, and for this reason the judgment of conviction must be reversed. It is, therefore, unnecessary to decide now whether the proof in the record, other than as to venue, is sufficient to sustain the conviction.

*Reversed and remanded.*