USSERY *v.* STATE.

(Division B.   Sept. 30, 1929.)

[123  So.  854.   No. 28191.]

*Nichols & Hedgepeth,* of Jackson, for appellant.

*Geo. T. Mitchell,* Attorney-General, *James W. Cassedy, Jr.,* Assistant Attorney-General and *H. R. Stone, Jr.,* Special Assistant Attorney-General, for the state.

ETHRIDGE, P. J., delivered the opinion of the court.

The appellant was indicted and convicted for the unlawful sale of intoxicating liquors.

There was a failure in the county court, where the trial took place, to prove that the offense took place in

the state of Mississippi. The venue is jurisdictional in criminal cases and may be availed of on appeal for the first time, and if the venue is not proven either by direct or circumstantial evidence to the extent required by law, the judgment will be reversed for a failure to prove venue. When circumstantial evidence is relied upon to prove venue, it must not only be consistent with the theory sought to be proven, but it must be absolutely inconsistent with any other theory. This case is controlled by *Norwood* v. *State,* 129 Miss. 813, 93 So. 354; *Slaton* v. *State,* 134 Miss. 419, 98 So. 838; *Sullivan* v. *State,* 136 Miss. 773, 101 So. 683; *Sandifer* v. *State,* 136 Miss. 836, 101 So. 862; *Quillen* v. *State,* 106 Miss. 831, 64 So. 736; *Cagle* v. *State,* 106 Miss. 370, 63 So. 672; *Dorsey* v. *State,* 141 Miss. 600, 106 So. 827; *Monroe* v. *State* (Miss.), 104 So. 451; *Pickle* v. *State,* 137 Miss. 112, 102 So. 4; *Carpenter* v. *State* (Miss.), 102 So. 184.

The state contends that the conviction ought to be upheld under the case of *Charlie Ben* v. *State* (Miss.), 103 So. 818. In that case it appeared from the evidence that the offense was committed about eight miles east from where the court was then sitting, at Standing Pine in Leake county upon a government reservation, and the court said it judicially knew the boundaries of the county, and that the said place eight miles east of where the trial was being held was within the county limits and within the state of Mississippi. In the present case there was no reference in the evidence as to the distance from where the trial was being held to where the offense was committed. It is a dangerous practice to invoke the doctrine of judicial knowledge in trying criminal cases before a jury, and before judicial knowledge can be availed of as to matters of places and location of venue, it must be a matter of such general or common knowledge that every man may know it. We do not think the doctrine can be availed of here.

Judgment of conviction will therefore be reversed, and the cause remanded to the county court for a new trial.

*Reversed and remanded.*