HARRIS *v.* STATE.

(Division A. Nov. 10, 1930.)

[130 So. 697. No. 28936.]

**J. M. Talbot,** of Clarksdale, for appellant.

**Forrest B. Jackson**, Assistant Attorney-General, for the state.

Argued orally by **J. M. Talbot**, for appellant, and by **Forrest B. Jackson**, Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was convicted of manslaughter, and appealed to this court, where the judgment against him was reversed. Harris v. State, 155 Miss. 398, 124 So. 493. On the return of the case to the court below, he was convicted of manslaughter, and has again brought the case to this court.

After the reversal of the judgment herein by this court on the former appeal, the appellant filed a plea of former jeopardy, the ground of which is that on the former trial he requested, and should have been granted, an instruction directing the jury to acquit him, and that this court so held on the appeal thereto, from which his counsel argue that to try him again for the same offense would be to place him twice in jeopardy therefor. A demurrer to this plea was sustained by the court below, and it committed no error in so doing, one of several reasons therefor being that section 22 of the Constitution 1890 provides that "there must be an actual acquittal or conviction on the merits to bar another prosecution."

During the progress of the trial, the district attorney discovered that he could not, under the rulings of the court, prove the death of Gaden by the employees of the hospital whom he had summoned for that purpose, whereupon the court, at his request, and over the objection of the appellant, suspended the trial from eleven-fifteen A. M. to nine o'clock the next morning, at which time the trial was resumed. This suspension of the trial is said by counsel for the appellant to have been very prejudicial to him, one of the reasons advanced therefor being that the jury might have charged the appellant with the inconvenience suffered by them from the added length of the trial. The record discloses nothing remotely indicating that the appellant was prejudiced by the suspension of the trial, and we must presume that the jurors were men of common sense and decided the case without being influenced thereby.

The evidence discloses that the appellant struck George Gaden with an axe splitting his skull. Gaden lived several days thereafter, and was, on the advice of the physician who first attended him, sent to the state charity hospital, at Vicksburg, Mississippi. The physician testified that the appellant's wound, in his opinion, was mortal, but advised that he be sent to the hospital in the hopes that something might be done there to save his life. Gaden was carried to the hospital by Frank Morris, who delivered him to the receiving nurse, and told her who Gaden was. This nurse testified that she made a record of Gaden's entrance into the hospital, and carried him to ward No. 22 where he was placed in bed No. 20, that fact having been entered by her on Gaden's chart, or hospital record. Two of the nurses who waited on Gaden, or the man in bed 20 of ward 22, whose chart disclosed and the nurses understood to be Gaden, testified that he was suffering from a wound in the head, and that they knew of their own knowledge, that he died a few days after having been received into the hospital.

The usual patient's record or chart of the treatment administered to ‚Gaden while he was in the hospital was kept by the nurses who nursed him, and the district attorney, over the objection of the appellant, proved the record by having each nurse making an entry thereon to identify this entry. Exactly what use the district attorney intended to make of this record is not clear, for the reason that it was not introduced in evidence. If he wanted the witnesses to refresh their memories by examining the entries made thereon by them, it was competent for them to do so, the entries having been made contemporaneously with the occurrence of the matters therein set forth. No reversible error, if error at all, was committed in this connection.

The appellant offered two witnesses who had known him only since the commission of the crime for which he was being tried. They were asked if they knew the appellant's reputation for peace and violence in the community in which he lived, but an objection thereto was sustained, the court advising counsel that the testimony of the appellant's reputation for peace and violence should be confined to proof thereof at and prior to the commission of the crime for which he was being tried. The appellant's counsel declined to, or rather did not, reframe the question so as to thus limit the testimony. This ruling of the court is in accord with the authorities. 16 C. J. 581.

Affirmed.