CRUM *v.* STATE.

Mar. 9, 1953

No. 38662 23 Adv. S. 11 63 So. 2d 242

*Thos. E. Pegram, Jr.,* for appellant.

782

*J. T. Patterson,* Assistant Attorney General, for appellee.

**McGehee, C. J.**

This case was first tried in a justice of the peace court in Supervisor's District No. 2 of Tippah County. The charge against the defendant C. R. (Ted) Crum is that on May 17, 1952, he unlawfully had in his possession intoxicating liquors in such supervisor's district. Prior to the making of the affidavit by the sheriff charging the defendant with this offense the said officer had on that day made the proper affidavit for a search warrant and had obtained a valid search warrant to search for intoxicating liquors "in the residence, outhouses, barns, stalls, smokehouses, crib, and in the field, yard, garden and woods near the residence of C. R. Crum in the Second District of Tippah County, Mississippi, in Section 1, Township 4, Range 3 . . ." The affidavit and search warrant then specifically stated the location of the residence of the accused in such manner as to particularly point out how the premises could be found by the searching officer.

 The proof discloses that the sheriff and his deputy on that day made the search and found two pints of whiskey in the grass a few feet from a well beaten path which led from the defendant's residence to a garbage dump some forty to fifty yards distant from the house, and which pathway was admittedly being used by the defendant and his wife at the time in question, and there was no proof that others had more than a limited access, if any, to the pathway during that year. See the case of Revette v. State, 209 Miss. 860, 48 So. 2d 511, as to the limitation of the "beaten path" doctrine.

The pathway in question extended through some strands of wire which enclosed a small area of ground where the whiskey was discovered. There were outhouses in this enclosure, and according to the testimony of the sheriff there were "quite a few" trees growing therein. The enclosed area was not in cultivation and the contention is made by the defendant that it was a "pasture", a place not designated in the affidavit and search warrant. We are of the opinion that the affidavit and warrant were sufficient to authorize the search of the area where the whiskey was found.

 The defendant offered evidence to show that during the year 1951 he had rented the area where the whiskey was found to one Clovis Eaton, who had in turn subrented the same to Leland Cox, a negro, and that Cox had during that year used this pathway in carrying garbage to the dump and had entered upon the area in question in watering his stock. But since this was during the year prior to the finding of the whiskey by the officers, this evidence was insufficient to overcome the prima facie presumption that the premises were in the possession and under the control of the defendant during the year 1952. On that issue the defendant requested and was refused an instruction to the jury "that it is undisputed that the pasture in question was rented by him to another person for the year 1951; and if you find from

the evidence that there was a reasonable probability that the whiskey was placed in the pasture in 1951 without the knowledge or consent of the said Crum, then you will find him not guilty." The trial court refused this instruction as constituting a comment on the weight of the evidence. Moreover, the sheriff had testified that he did not consider that the enclosure was a pasture. The refusal of this instruction is assigned as error, but aside from what is above stated it further appears that the defendant obtained an instruction to the effect that even though the jury believed that the whiskey was found on the property of the defendant, yet the State must prove beyond every reasonable doubt "that the defendant either owned the whiskey himself or that it was on his land with his knowledge and consent."

It follows from what we have said that the search was valid and that the proof was sufficient to go to the jury so far as the issues heretofore stated are concerned, and that there was no error in the refusal of the instruction first above referred to.

However, although the affidavit for the search warrant, the search warrant and the affidavit before the justice of the peace charging the offense all recited that the accused had possession of the whiskey unlawfully in Supervisor's District No. 2 of the county where the justice of the peace court was held, there was no proof whatever offered by the State upon the de novo trial in the circuit court to show that the whiskey was found in said supervisor's district. Nor did the State's instruction require the jury to believe that the whiskey was found in said district; they only required that the jury should believe beyond a reasonable doubt that the same was found in Tippah County.

It is contended by the State that the fact that the affidavits and search warrant above referred to recited that the defendant was in possession of the whiskey in supervisor's district No. 2 of the county, and the fur-

ther fact that his appeal bond to the circuit court recited that he had been convicted in said supervisor's district, were sufficient to confer jurisdiction upon the circuit court on appeal.

It is true that the appeal record was sufficient to confer jurisdiction upon the circuit court *to try the case,* but they were not sufficient to constitute proof upon the trial in the circuit court that the whiskey was actually found in the possession of the defendant in the said supervisor's district. The proof of such venue was an essential element of the State's case, and without which proof the territorial jurisdiction of the justice of the peace from whose court the appeal was taken, and hence that of the circuit court, was not established upon the latter trial. Since the proof of venue was jurisdictional to the right of the jury in the circuit court to convict the defendant and to the right of the circuit court to enter a judgment of conviction of the offense charged in the affidavit, the cause must be reversed.

It is contended, however, by the defendant that since he moved to exclude the evidence offered by the State and requested a written peremptory instruction in favor of the defendant, we should enter a final judgment here discharging him.

In the case of Sullivan, et al. v. State, 136 Miss. 773, 101 So. 683, the cause was reversed and *remanded* solely on the ground that the State had failed to prove the venue of the alleged crime.

In the case of Dorsey v. State, 141 Miss. 600, 106 So. 827, the Court said: "We have held repeatedly that venue is jurisdictional and must be proven, and that the question could be raised for the first time in this court. Norwood v. State, 129 Miss. 813, 93 So. 354; Slaton v. State, 134 Miss. 419, 98 So. 838; Sullivan v. State, 136 Miss. 773, 101 So. 683; Sandifer v. State, 136 Miss. 836, 101 So. 862; Quillen v. State, 106 Miss. 831, 64 So. 736; Cagle v. State, 106 Miss. 370, 63 So. 672; Monroe v. State,

(Miss.), 104 So. 451; Pickle v. State, 137 Miss. 112, 102 So. 4; Carpenter v. State (Miss.) 102 So. 184.'' To the same effect is the very recent case of Street v. State, 209 Miss. 735, 48 So. 2d 358.

In the case of Waldrup v. State, 150 Miss. 302, 116 So. 432, the Court again said: ''We have repeatedly held that venue must be proven as it is jurisdictional and can be raised in this court for the first time.'' And in that case the Court further stated: ''It is a very familiar rule that in criminal cases the state must prove every material allegation of the affidavit or indictment, by competent evidence, and beyond every reasonable doubt.

''Venue is not to be presumed, but must be proved; and, therefore, the present record is wholly insufficient to establish venue, and for this reason the judgment of conviction must be reversed. It is, therefore, unnecessary to decide now whether the proof in the record, other than as to venue, is sufficient to sustain the conviction.''

It is true that in the Waldrup case, supra, the affidavit charging the offense did not allege that the offense was committed in the justice of the peace district where the case was tried, and the court observed that the affidavit was not demurred to, and as it was subject to amendment, the failure of the affidavit to allege the proper venue can not be raised here. The Court evidently so held because of Section 1182, Hemingway's Code of 1917, requiring ''all objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment and not otherwise''; and which provision was held to be applicable to affidavits also which are amendable. Burnett v. State, 72 Miss. 994, 18 So. 432. See also Sullivan v. State, 150 Miss. 542, 117 So. 374; Wampold v. State, 170 Miss. 732, 155 So. 350.

The Waldrup case, supra, is sought to be distinguished by the appellant from the instant case on the alleged ground that the court reversed and remanded the Wal-

drup case because of the insufficiency of the affidavit, which could have been amended on objection seasonably taken, whereas in the instant case the affidavit sufficiently alleged that the defendant Crum was unlawfully in possession of intoxicating liquors in Supervisor's District No. 2, and that in the instant case the State merely failed to prove the venue on the trial in the circuit court. But it is to be noted that the court did not reverse and remand the Waldrup case because of the defective affidavit, since it was held that the failure of the affidavit to allege the proper venue could not be raised here and the court reversed and remanded the case solely on the ground that venue had not been proved as an essential element of the crime when the case was tried on appeal in the circuit court, the opinion in effect holding that the defect in the affidavit had been waived.

As in the Dorsey case, supra, and in the cases cited in the opinion therein, and the additional cases cited in the Street case, supra, the objection to the failure to prove venue is raised for the first time on this appeal in the instant case.

The State contends that the appellant is neither entitled to a reversal and judgment here in his favor nor to a reversal and remand of the cause and relies upon the case of Tillman v. State, 213 Miss. 136, 56 So. 2d 91, wherein the Court stated: "The certificate of the justice of the peace to his transcript, which showed the judgment of conviction, was perfectly regular. Prima facie this conferred jurisdiction upon the circuit court." There the court was evidently speaking of jurisdiction to try the case, since the court dealt specifically with the proof on the question of venue and held that although the evidence did not show specifically that the offense of drunken driving was committed in Calhoun County it did show that it occurred on the highway that ran from Calhoun City to Pittsboro and thence to Bruce, and the Court took judicial knowledge that Calhoun City, Pitts-

boro and Bruce were all located in Calhoun County, and the highway patrolman Williams testified that "the crime occurred in the justice of the peace District No. 1 on public highway No. 9" but did not state that it was District No. 1 of Calhoun County. Hence, we do not think that case is controlling here. Nor do we think that the other cases cited by the State would warrant an affirmance of the case.

We are of the opinion that the first of the two Sullivan cases heretofore cited and the Waldrup case, supra, are in favor of the reversal and remand of the instant case instead of a reversal and a judgment here for the appellant.

We do not think that a reversal and remand of the case would be to place the defendant twice in jeopardy for the same offense under Section 22 of the State Constitution of 1890, since no final judgment of either conviction or acquittal on the merits has been rendered. A case directly in point on this question is that of Harris v. State, 158 Miss. 439, 130 So. 697, wherein the court held that the reversal and remand of a conviction of manslaughter on the ground that the defendant had requested, and should have been granted, an instruction directing the jury to acquit him, would not result in his being placed twice in jeopardy on another trial following such reversal and remand.

Reversed and remanded.

*Lee, Kyle, Ethridge* and *Lotterhos, JJ.,* concur.