Dowden Holley *v.* The State of Mississippi.

1. Justice of the Peace. *Criminal practice. Entry of judgment.*

　　If a justice of the peace tries a criminal case, of which he has jurisdiction, and enters his judgment on a loose piece of paper, and, after his court adjourns, transfers the entry to his docket, the judgment is not invalid.

2. Same. *Transfer of cause. Another justice.*

　　If an affidavit is made before a mayor, charging defendant with a misdemeanor, and the mayor transfers the affidavit and the prisoner to a justice of the peace, who tries the defendant and convicts him, without objection to the latter's jurisdiction, the defendant cannot, upon appeal to the circuit court from such conviction, dismiss the prosecution because of irregularity in the transfer, or the want of an order on the mayor's docket making it.

3. Same. *Jurisdiction.*

　　If a justice of the peace has jurisdiction of the subject-matter of a criminal prosecution, the defendant waives the question of the jurisdiction of his person by pleading not guilty and going to trial.

From the circuit court of Pontotoc county.

Hon. Newnan Cayce, Judge.

The opinion states the facts.

*C. B. Mitchell,* for appellant.

I respectfully submit that the justice of the peace, Pitts, before whom this case was tried, had no jurisdiction of the case, for, in fact and in law, there was no change of venue from the mayor's court to the court of said Pitts. The affidavit in this case was made out before W. M. Huntington, mayor *pro tem.* of the town of Pontotoc, and, without entering the case on his docket, without any affidavit being filed setting forth sufficient grounds to warrant a change of venue, without any motion before him asking for a change of venue, without

entering any order whatever on his docket in reference to a change of venue, he proceeded to send the original affidavit and papers, together with the prisoner, to the court of justice of the peace Pitts. I submit that such unwarranted action on the part of the mayor *pro tem.* was illegal, and in no view constituted a change of venue.

*Wiley N. Nash,* attorney-general, for the appellee.

The defendant, Holley, was arraigned before Pitts and tried by him on the original papers. He did not object to the jurisdiction of the court.

The law does not require a justice of the peace to write up his docket in open court and in the presence of the defendant. The memorandum taken at the time was sufficient.

The simple transfer of a misdemeanor, as was done in this case, was not a change of venue in any sense, and the law touching a change of venue has no application. Both officers, the mayor and the justice of the peace, had jurisdiction of the offense. Certainly Pitts, as a justice of the peace, had jurisdiction of the crime.

STOCKDALE, J., delivered the opinion of the court.

The appellant was convicted by the jury, in the circuit court of Pontotoc county, of carrying, concealed, a deadly weapon, and sentenced by the court to pay ten dollars fine and to be imprisoned thirty days, and he appealed from that sentence. The defendant moved to arrest the judgment because the justice of the peace court, from which the cause came to the circuit court by appeal, was without jurisdiction to try the case, and consequently the circuit court had not jurisdiction.

The motion was based on the fact that affidavit was made before W. M. Huntington, mayor *pro tem.* of Pontotoc, and warrant issued by him for defendant, and he was arrested on said warrant and brought before said mayor *pro tem.* for trial; and the said mayor *pro tempore* undertook to transfer the case and the defendant to W. H. Pitts' justice of the peace court of

the same district, and sent the prisoner and original papers to the court of Justice Pitts, making no entry on his own docket either of the arrest or transfer.

Justice Pitts proceeded to arraign the defendant on the original affidavit sent over by the mayor, and tried and convicted him, and sentenced him to thirty days' imprisonment and to pay $10 fine. From that sentence the accused appealed to the circuit court. After the record was completed the defendant moved the court to quash the affidavit and discharge the prisoner, because the court of Justice Pitts had not jurisdiction to try or sentence the prisoner, there being no regular transfer of the cause from the court of the mayor of Pontotoc, no order on said mayor's docket transferring the case, and no affidavit for removal filed. Because the judgment of the justice of the peace court was not entered on the regular docket in the presence of the accused, but on a piece of paper and entered on the docket after the adjournment of the court, after the justice of the peace arrived at home. The court overruled that motion, and, upon conviction, defendant was by the circuit court sentenced to thirty days' imprisonment and to pay $10 fine, and from that sentence appealed to this court. This court has held— *Lunenberger* v. *The State, ante,* 379—that it is not error, at least not reversible error, for a justice of the peace to perform the mere clerical act of entering the judgment on his docket after the cause had been tried, even after the court had adjourned. There is no particular mode prescribed for the transfer of causes by the justices' courts, and great liberality is necessarily allowed to justice of the peace courts in the matter of pleading and practice. Justice Pitts had original jurisdiction of the subject-matter, and when this prisoner was arraigned in his court he pleaded and was tried, without objecting to the jurisdiction of his person, and that completed the jurisdiction of the justice court. The record shows a fair trial in the circuit court on the merits.

*The judgment of the court below is affirmed.*