## Town of Purvis *v.* S. E. Rees.

[55 South. 481.]

JUSTICE OF THE PEACE. *Petition for appeal. Certificate of justice of peace. Contradiction of certificate.*

Where a municipality filed a petition for appeal from a justice court and the justice certified at the bottom of such petition that the same had been filed and appeal granted as of a certain date, the justice will not be permitted to impeach his own certificate.

APPEAL from the circuit court of Lamar county.
Hon. W. H. COOK, Judge.

Suit by S. E. Rees against the Town of Purvis. From a judgment in the circuit court, dismissing an appeal from the justice court, defendant appeals.

The facts are fully stated in the opinion of the court.

*C. G. Mayson* and *McWillie & Thompson,* for appellant.

It is true that the justice of the peace as a witness swore, over the objection by the town, present appellant, that he did not receive a petition for an appeal until November 16th, 1908. In respect to this we have to say that he was an incompetent witness to impeach his own official record and the objection was properly raised and improperly overruled. This is a matter which cannot be answered by claiming that the point at issue was whether the record was an official act, since there are two petitioners for appeal and the justice of the peace as a witness affirmatively admitted that he executed one of them. It is true he testified that he signed it on the 16th day of the month, but in this he must have been misled by assuming that he signed it on the date it was filed by the clerk of the circuit court. The petition shows on its face that he signed it on the 10th, and to allow him to dispute that date is to permit him to contradict his official act.

*Frank Johnston* and *T. E. Salter,* for appellee.

Anderson, J., delivered the opinion of the court.

The appellee, S. E. Rees, sued the appellant, the town of Purvis, in a court of a justice of the peace, and recovered judgment by default, from which the appellant appealed to the circuit court, where the appeal was dismissed, on the ground that it had not been taken within five days from the rendition of the judgment, from which judgment of dismissal the appellant prosecutes an appeal to this court.

Judgment was rendered by the justice of the peace on November 9, 1908. The appellant, for some reason not sufficiently explained, filed two petitions for appeal, either one of which is sufficient in substance and form. Both petitions are dated November 10, 1908, and pur-

port to have been signed by the justice of the peace who rendered the judgment. One of these petitions had at its conclusion this: "The foregoing petition received, filed, and granted by me this 10th day of November, 1908. [Signed] H. B. Freeman, J. P." And the other: "Petition filed and appeal granted this November 10th, 1908. [Signed] H. B. Freeman, J. P." On the motion in the circuit court to dismiss the appeal, the justice of the peace who rendered the judgment was introduced a sa witness on behalf of the appellee, and testified that he did not sign one of these petitions; that his signature thereto had been forged. As to the other, he admitted that he signed it, but denied that he had signed it on November 10, 1908, the date it purported to have been signed, claiming that he signed it on November 16, 1908, more than five days after the rendition of the judgment in his court.

Section 94, Code of 1906, dispenses with the necessity of municipalities giving appeal bonds; and section 95, Code of 1906, provides that in all cases where an appeal is desired from a judgment of a justice of the peace by a party who is not required to give bond therefor, a written demand for an appeal shall be filed in lieu of the bond required by others, within the time allowed for appeals in such cases. The testimony, other than that of the justice of the peace, for the purpose of showing that neither of the petitions for appeal was filed within five days of the rendition of the judgment appealed from, was wholly insufficient; in fact, the testimony of the justice of the peace was all that really tended to establish that fact. In *Duncan* v. *Gerdine,* 59 Miss. 550, a deputy sheriff was held to be incompetent to give testimony contradicting the return made by him on a writ; and in *Stone* v. *Montgomery,* 35 Miss. 83, it was held that an officer, taking and certifying an acknowledgment to a conveyance, was incompetent as a witness to impeach the statements of fact in his official certificate.

Just above the signature of the justice of the peace (the one admitted to be genuine) to the petition for appeal is the indorsement that the petition was filed and the appeal granted on November 10, 1908 (the next day after the judgment was rendered). The justice of the peace was incompetent to impeach this indorsement or certificate; and this is true, whether it was written by him or by some one else, provided, of course, if written by some one else, it had been done at the time he appended his signature. In other words, by attaching his name and office to the petition with this indorsement on it, he was precluded from falsifying such indorsement. It follows that the cause was properly in the circuit court by appeal.                *Reversed and remanded.*