ANTHONY *et al. v.* BASSETT.

(Division A.   March 18, 1935.)

[159 So. 854.   No. 31566.]

**J. Knox Huff**, of Forest, for appellants.

Frank F. Mize and Colbert Dudley, both of Forest, for appellee.

**Cook, J.,** delivered the opinion of the court.

Appellee filed his declaration in the court of a justice of the peace of Scott county against the appellants as indorsers on two alleged promissory notes secured by deeds of trust. The declaration did not specifically make the notes and deeds of trust exhibits thereto, and, upon appeal by the plaintiff from an adverse judgment of the justice court, they were not a part of the transcript of the record, and were not referred to therein.

When the alleged notes and deeds of trust were offered in evidence on the trial of the cause in the circuit court, there was an objection thereto on the ground that these evidences of debt were not lodged with the justice of the peace, and that no copy thereof was filed with the declaration. Thereupon counsel for the appellee stated to the court that the notes were filed with the record and withdrawn, and, in the absence of the jury, appellee testified that when he filed his declaration in the justice court, he filed the notes and deeds of trust as a part of his cause of action. Upon this statement the court ruled that since the original evidences of indebtedness were filed or delivered to the justice of the peace, the objection thereto would be overruled. At the conclusion of the evidence, the appellants requested a peremptory instruction on the ground that there was not sufficient evidence to show that the evidences of indebtedness were lodged with the justice of the peace before whom the suit was instituted, and that, consequently, the notes evidencing the alleged indebtedness were incompetent. The court refused the requested instruction and peremptorily instructed the jury to return a verdict for the appellee for the amount sued for.

Section 2078, Code 1930, requires that any one desiring to sue before a justice of the peace shall lodge with him the evidence of debt, statement of account, or other written statement of the cause of action; while section 64, Code 1930, requires that when an appeal from a justice court has been perfected by the giving of the required bond, the justice "shall at once make up a transcript . . . and properly transmit the same to the clerk of the circuit court." Section 66, Code 1930, also requires that a justice of the peace, from whose decision an appeal has been taken, shall at once transmit to the clerk of the circuit court a certified copy of the record of the proceedings, and that as part of this transcript he shall also transmit all the original papers and process in the case, and the original appeal bond given by the appellant.

An incomplete transcript of the record of proceedings in a justice court may be corrected and completed by a certiorari for a more perfect record, and, in the absence of a suggestion from either party that anything is omitted from the record, it will be presumed to be correct. Boyd v. Quinn (Miss.), 22 So. 802. And an alleged defect in transcript of the record, or omission of essential parts thereof, cannot be supplied by oral testimony at the trial in the circuit court. In the case at bar the transcript of the record does not show that the original notes or copies thereof, which are the basis of the suit, were lodged with the justice of the peace, and, consequently, it was error to admit them in evidence over the objections of appellants.

The judgment of the court below will therefore be reversed, and the cause remanded.

Reversed and remanded.