## STEWART *v.* STATE.

(Division A.   May 31, 1937.   Suggestion of Error Overruled July 19, 1937.)

[174 So. 579.   No. 32669.]

Luper & Martin, of Prentiss, for appellant.

34

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was convicted in the court of a justice of the peace on an affidavit charging him with the unlawful ·possession of intoxicating liquor, and on appeal to the court below was again convicted, from which he has appealed to this court.

The prosecution is based on section 1974, Code 1930, which section, the appellant says, was repealed by chapter 173, Laws 1934, and which permits intoxicating liquor to be sold under certain conditions and restrictions in any county which may elect to come thereunder by a majority vote of the qualified electors therein. Section 12 of the statute provides that chapter 38, Code 1930, "shall be in full force and effect in all counties not permitting the sale of alcoholic beverages under the provisions of this act," etc.

The appellant's argument is that the provision of the statute, "that it shall be effective in only ·such counties as elect to come under it," is void, being an unconstitutional delegation of legislative power, and so being, it may be treated as surplusage leaving the remainder of the statute in full force and effect. The statute in this constitutional aspect is similar to other local option statutes enacted by the Legislature prior to the enactment of the state-wide statute prohibiting the · sale of intoxicating liquor, whch were, in the particular here challenged, declared to be constitutionally valid in Schulherr v. Bordeaux; 64 Miss. 59, 8 So. 201, and Lemon v. Peyton, 64 Miss. 161, 8 ·So. 235.

The jurisdiction of the court below is challenged on two grounds: (1) The record contains no sufficient, certified copy of the proceedings before the justice of the peace; and (2) the judgment of the justice of the peace is void for the reason that the offense of which the appellant was there convicted is not described in the judgment.

The record in the justice of the peace court, as it appears in the record, consists of a copy of the affidavit charging the appellant with the unlawful possession of intoxicating liquor, the warrant for his arrest, an appearance bond, and the judgment there rendered followed by a certificate signed by the justice of the peace "that this is a true copy of the record of Tom Stewart court record." This is a sufficient compliance with section 65, Code 1930; Borders v. State, 138 Miss. 788, 104 So. 145. Moreover, section 3403, Code 1930, provides that "no judgment in any case originating in a justice court, or in a municipal court, and appealed to the circuit court, shall be reversed because it may appear in the Supreme Court transcript that the judgment or record of the said justice or municipal court was not properly certified or was not certified at all, or was missing in whole or in part, unless the record further shows that objection on that account was made in the circuit court, in the absence of which objection in the circuit court there shall be a conclusive presumption that the defects in this clause mentioned did not exist in the circuit court proceedings," etc.

The judgment of the justice of the peace is in the following language:

"The State of Mississippi v. Tom Stewart.

"Judgment in Justice Court

"This case coming on to be heard in open Court and on a regular return day for holding Court, and at a regular place of holding Court, the defendant Tom Stewart, appearing and announcing ready for trial with his attorney and waived the arraignment the Court

called the witness for both the State and the Defendant and after hearing the evidence the Court was of the opinion that the defendant Tom Stewart, was guilty as charged and thereupon the court sentenced the defendant to pay a fine of Two Hundred ($200.00) Dollars, and therefore to stand committed to the County Jail, until both the fine and cost be paid; so ordered and adjudged in open Court this the 7th Day of November, 1936.''

The omission therein to state the offense of which the appellant was convicted is of no consequence, that fact appearing from other portions of the record of that court. Sykes v. State, 157 Miss. 600, 128 So. 753. This also applies to the same omission in the judgment of the circuit court herein.

The remaining assignments of error require an inspection of the evidence introduced in the court below, and we have none such before us; consequently, these assignments of error cannot be considered. Brooks v. State (Miss.), 173 So. 409.

The evidence on the trial of this case was noted by an official court reporter. Notice to transcribe his notes thereof was not given him until after the expiration of the time required therefor by section 725, Code 1930, and no transcript thereof was made. An ordinary bill of exceptions setting forth the evidence, prepared and sworn to by counsel for the appellant, and presented to but not approved by the trial judge, has been certified to this court. The Attorney-General has not agreed to the correctness of this bill of exceptions, and says that it is not properly before the court and no notice can be taken of it. Under sections 724-729, inclusive, Code 1930, when the evidence introduced in the trial of a case is noted by an official court reporter, it can be preserved and made a part of the record for this court only by a transcript by the reporter of his notes thereof, except under circumstances set forth in section 729, none of which appear here. The appellant relies on Miller v.

Phipps, 161 Miss. 564, 133 So. 128, 137 So. 479, wherein the court reporter failed to transcribe his notes of the evidence; and a bill of exceptions setting forth the evidence, prepared and sworn to by counsel for the appellant, but not approved by the trial judge, was filed and certified to this court. There being no denial under oath of the correctness of the bill of exceptions, the court said it would treat it ''as though it had been agreed to be correct by counsel.'' But there the court reporter ''was duly notified to file a transcript of the evidence.'' Such is not the case here.

Affirmed.