KITCHENS *v.* STATE.

(Division B.  Oct. 2, 1939.)

[191 So. 116.  No. 33647.]

444

Hilton, Berry & Kendall, of Jackson, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the State.

**McGehee, J.,** delivered the opinion of the court.

The appellant was first tried and convicted in the Justice of the Peace Court of District No. 1 of Rankin County on an affidavit charging him with driving an automobile while in a state of intoxication. The case was appealed to the circuit court, where he was again tried, convicted and sentenced to pay a fine of $100.

On the question of venue, the only proof offered by the State was that the appellant was drunk when he drove his automobile up to the home of the chief prosecuting witness, and that this witness lived "about two miles below Star, off of 49 Highway on the road known as the Stewart and Ella Ross road, in District No. 1 of Rankin County." There was no proof offered to show that the alleged offense was committed in the State of Mississippi, and no questions were asked as to what distance the witness lived from where the trial was being conducted, as was done in the case of Ben v. State, Miss., 103 So. 818. It will also be observed that the proof did not mention the Town of Star, the location of which the court could take judicial notice as an incorporated place, if there was only one such incorporated place found to exist by consulting such helpful sources of information as might be accessible to us. Moreover, such sources of information would reveal that there is an incorporated Town of Star in each of the states of Mississippi, Texas, North Carolina and Idaho. Therefore, if the witness had used the term "Town of Star" instead of merely saying "about two miles below Star," the testimony would still fail to definitely locate the place. The proof does disclose the place

to be "off of 49 Highway about two miles below Star," but it does not mention U. S. Highway No. 49.

Since the Court has held that it will take judicial notice of the location and general course of railroads, it is argued that we should extend the rule to include the location and general course of highways. But, even though it be conceded, for the sake of argument, that this rule should be applied here on the theory that there would not be more than one U. S. Highway 49, we would not be justified in extending the rule to include the location of the Stewart and Ella Ross road off of "49 Highway."

Nor is it sufficient to say that this Court knows from the record in the case, aside from the transcript of the testimony, that the trial was had in Rankin County, Mississippi. If this was sufficient proof of venue, it would never devolve upon the State to offer testimony as to the county and state in which the crime is alleged to have been committed.

It may be conceded that there is only one Rankin County in the United States, and that by an extended investigation into the proper sources of information we would be able to ascertain that there is no other county by that name outside of this country, yet we feel that it is more incumbent upon the State to make the necessary proof of venue by available witnesses than it is upon us to engage our time in going so far afield to supply the proof by resorting to judicial knowledge to be acquired from information that we do not now have.

We are not constrained to extend the rule any further than it was extended in the case of Ben v. State, supra, and other decisions of this Court relating to the sufficiency of proof of venue, nor to depart from the rule announced in the case of Ussery v. State, 154 Miss. 704, 123 So. 854, holding that while venue may be proven by circumstantial evidence, the proof must not only be consistent with the theory sought to be proven, but must be absolutely inconsistent with any other reasonable theory; and in which case the Court also held that it was a dangerous practice

to invoke the doctrine of judicial knowledge in trying criminal cases before a jury, and stated that "before judicial knowledge can be availed of as to matters of places and location of venue, it must be a matter of such general or common knowledge that every man may know it."

As was said in the case of Charlie Johnson v. State, 191 So. 115, this day decided by this Division of the Court:

"Proof of venue in criminal cases is jurisdictional, and the failure to make such proof may be objected to for the first time in the Supreme Court. [Citing authorities.]

"Section 3403 of the Code of 1930 provides that: 'A judgment in a criminal case shall not be reversed . . . because of any error or omission in the case in the court below, except where the errors or omissions are jurisdictional in their character, unless the record show that the errors complained of were made ground of special exception in that court.' Since the error here complained of is jurisdictional in its character, the conviction can not be sustained on appeal under the provisions of this statute."

Reversed and remanded.