WHITTEN *et al. v.* STATE.

(In Banc. Dec. 9, 1940.)

[199 So. 74. No. 34358.]

J. J. Breland, of Sumner, for appellants.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

**Ethridge, J.,** delivered the opinion of the court.

The appellants were indicted by the grand jury of Grenada county for grand larceny in the stealing of three head of cattle described in the indictment. The indictment charges that the offense was committed in Grenada county; and the appellants were tried and convicted in that county, and sentenced to serve three years each in the state penitentiary; from which sentence appeal was taken to this court.

The appellants complain that there was no proof of venue in Grenada county. The proof shows that the cattle were taken by the appellants to Clarksdale, in Coahoma county, and there sold; whereupon appellants were arrested by a deputy sheriff who believed, with good reason, that the cattle were stolen. A preliminary trial was had in Clarksdale, in which it appeared that the cattle had been stolen by the appellants. There is no proof that the offense was committed in Grenada county, nor are there sufficient circumstances from which that might be inferred to be a fact.

The proof on behalf of defendants showed that the cattle were taken from the Powell place, in Tallahatchie county, where they were found with a number of others, and that these three were confined, and afterwards led into a thicket and there hidden near the Powell place; that thereafter, at night, the party who had so concealed them secured the services of one of the defendants, who owned a truck, to carry them to market. It was first agreed and understood that they were to be carried to Memphis, Tennessee, but pursuant to the suggestion that there was an equally good market at Clarksdale, which was nearer, the cattle were carried there.

The proof shows, and the circumstances bear it out, that the cattle were originally taken in Tallahatchie county, and did not pass through Grenada county en route to Coahoma county. In Clarksdale the cattle were taken from the possession of the defendants, and returned by other parties to their owner in Grenada county. The only proof offered to show venue in Grenada county was the testimony of the owner to the effect that, so far as he knew, the cattle never ranged in Tallahatchie county. He lived a mile and a half from the county boundary line. At the time the cattle were stolen he was not at home, and knew nothing of their whereabouts. This was insufficient to sustain the fixing of venue, and the trial judge should have sustained the motion on behalf of the defendants, on the ground that the venue was not proved, and should have discharged them from that indictment, and held them, under section 1190 of the Code of 1930, to await action by the grand jury of the appropriate county. The offense was triable in either Tallahatchie or Coahoma county.

It is our duty under section 3378 of the Code of 1930, in case a sentence or decree of the court below be reversed, to render such judgment, sentence or decree as the court below should have rendered, etc. Hence, in the present case the judgment will be reversed, and judgment rendered here, discharging the appellants from the present indictment, but holding them under their appearance bond to await the action of the next grand jury of the appropriate county. Of course, their sureties may surrender them and require them to make a new bond, should they desire to take that course.

Reversed and appellants held to await action of the grand jury in the appropriate county.

**Smith, C. J.,** delivered a separate opinion.

These appellants are at large under bail bonds authorized by Sections 46 and 47, Code of 1930, conditioned

814

that they "shall appear in the Supreme Court of the State of Mississippi and the Circuit Court aforesaid (of Grenada County) and abide by and perform such sentence or judgment as may be rendered in the case." This court is without authority to enlarge this condition of the bonds and hold the sureties thereon under any obligation to insure the appearance of the appellants before any other court pursuant to an indictment that may hereafter be there returned against them.

Had the court below dismissed the prosecution as it should have done, it could not under Section 1190 have continued to hold the appellants under their bail bonds, if such there were, but could only have ordered them "into the custody of the proper officer," and this court has no greater power in this respect than had the court below.

I think that the judgment here should be reversed and the case remanded, in which event Section 3395, Code of 1930, would require the appellants to appear before the court below, where if the state is still without evidence to prove the venue the case may be dealt with in accordance with Section 1190, Code of 1930.