## HOLLOWAY *v*. STATE.

(In Banc. Feb. 11, 1946. Suggestion of Error Overruled March 11, 1946.)

[24 So. (2d) 857. No. 36075.]

Murray L. Williams, of Water Valley, for appellant.

358

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

Argued orally by **Murray L. Williams**, for appellant, and by **R. O. Arrington**, for appellee.

**Roberds, J.,** delivered the opinion of the court.

Holloway was convicted of the crime of robbery with firearms, the jury fixing the death penalty.

He first contends that the proof is insufficient to identify him as the robber. The person robbed was Mr. J. B. Leavell, and the place was inside his store in Marshall County, Mississippi. Blaine Yarbrough, who lived two miles from the store, testified that he was at the store a little after sundown of the day of the robbery; and appellant and two other persons appeared at the store; that appellant inquired of him the name of the owner of the store and whether he could get some gasoline; that appellant entered the store, placed his pistol on Mr. Leavell and robbed the cash drawer, the confederates having their pistols pointed toward others who were present. The witness positively identified appellant as the leader and main actor; said that after he got the money from the cash drawer, "He come on back and told the other boy to bring us out and the defendant stopped Mr. Leavell and run his hand in his pocket and took his pocketbook

out." Appellant then gave directions that a stolen automobile in his possession be filled with gasoline, and all parties were in the presence of each other until that was done. On cross-examination the witness said he did not know and had never seen Holloway before, and in reply to the question "How can you tell this is the same man you saw then?" replied "I saw him by his features; I took a good look at him."

In addition to the foregoing, appellant made a confession to policemen in Memphis, Tennessee, that he committed the crime and delivered to them the pistol used in the robbery.

While it is true that three other witnesses who were present said they were unable to positively identify appellant, the foregoing is sufficient to support the finding of the jury that he was a participant in the crime.

It is next urged that the state failed to prove the venue of the crime; that there is no proof in the record that it occurred in the State of Mississippi. The contention has much merit, but we think it is not well taken under the evidence in this case. While it is true that there is no positive, affirmative testimony in the record that the crime took place in Mississippi, we are of opinion that fact is sufficiently shown by circumstantial evidence, which may be done. Ussery v. State, 154 Miss. 704, 123 So. 854; 16 C. J., p. 768, sec. 1573; 23 C. J. S., Criminal Law, sec. 914. Many times witnesses said the robbery took place at the store of J. B. Leavell in Marshall County. A number of the witnesses said they lived short distances from the store in that county. Lawrence Tucker, the sheriff of the county, testified that appellant had been in the jail at Holly Springs since his arrest in Memphis. The sheriff said appellant had been brought back from Memphis and placed in that jail. He was asked "Did this party leave this county and go to Memphis?' and he replied "He drove to Memphis in the car he had stolen here." Later the sheriff said, " . . . he told the whole thing, how it happened and how he got back to Memphis."

It is further disclosed the automobile was stolen in Holly Springs by appellant and his confederates, and they drove to and from the scene of the crime in that car and eventually to Memphis, Tennessee, therein. It is also shown appellant was arrested in Memphis, where he made a confession, and Mr. Tucker, who was there present, testified that '' . . . and he had to sign a waiver to come back to Mississippi, and he readily signed that, and he begged me to let him serve two years in Tennessee.'' We judicially know, and the record discloses, that the municipality of Holly Springs is the county site of Marshall County, Mississippi, and that the trial was being held, and the witnesses were testifying, and appellant was in jail in that municipality, and that it then was and now is in the State of Mississippi. Connecting up and piecing together all of the foregoing evidence and the facts of which we can take judicial knowledge, the fact is sufficiently shown, in our opinion, that this crime took place in Mississippi, especially in view of the statement '' . . . and he had to sign a waiver to come back to Mississippi, and he readily signed that . . . ,'' the natural meaning of which was that he was being returned to Mississippi for trial. The foregoing facts readily distinguish this case from Kitchens v. State, 186 Miss. 443, 191 So. 116, relied upon by appellant.

Appellant next urges that certain testimony was erroneously admitted, and asks for a reversal for that reason. This includes a confession of appellant, which he says was not shown to have been made freely and voluntarily. The proof of the state is that the confession was free and voluntary, and appellant offered no proof to the contrary.

Witness Blaine Yarbrough was asked ''Do you know how much money he got out of the money sack?'' and replied ''Not exactly, but it looked like a pretty good pile.'' The court overruled appellant's objection, saying ''He can estimate it''; whereupon, the witness said ''It looked like it might have been between four and five hundred dollars.''

362

Appellant says this was reversible error. The contention is not well taken because the amount, or quantity, of the money taken was not material under the charge here.

J. E. Ingram, father-in-law of J. B. Leavell, in response to the question "What is his condition at the present time?" responded "He has had a nervous breakdown"; whereupon counsel for appellant said "Objected to, this is a matter of opinion. This man has not qualified as a doctor." "By the Court: I will let him testify. He can tell whether the man is sick." The witness then testified that Leavell's health had been bad since the robbery; that he had been in the Baptist Hospital at Memphis and was then at Hot Springs for his health, and that Leavell's doctor had told the witness that Leavell had had a nervous breakdown. All of this testimony, except perhaps that Leavell was ill, as explaining why he was not present at court, was incompetent, but appellant is not in position to take advantage of it because he made no objection to its introduction other than as shown above. In the first place, his objection was expressly placed on the ground that the witness was not a doctor, not that the evidence was hearsay or otherwise incompetent. The witness could testify to facts within his knowledge whether he was a doctor or not. The accuracy and truthfulness of the testimony could be tested by cross-examination. And, in the second place, after the ruling of the court limited the testimony to merely showing that Leavell was sick, no further objection was made by appellant. When the questions and answers went beyond the ruling of the court, appellant should have made proper objection thereto.

Affirmed and Thursday April 4, 1946, set as the date of execution.