TILLMAN *v.* STATE.

Jan. 21, 1952.

No. 38328 (56 So. (2d) 91)

**E. L. Lamar,** for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Roberds, J.**

Tillman was convicted of driving a motor vehicle upon a public highway of this state while under the influence of intoxicating liquor.

He says the State failed to prove the venue of the crime. It is true no witness specifically said the crime occurred in Mississippi. Holloway v. State, 199 Miss. 356, 24 So. (2d) 857. Is there enough to show the crime

occurred in this State? The affidavit before the justice of the peace charged that the crime occurred on public Highway No. 9 in District No. 1, Calhoun County, Mississippi. The judgment of the justice of the peace found defendant "guilty as charged." C. T. Williams, state patrolman, said the crime occurred between "here and Bruce." The record shows, and we judicially know, the trial was being had in Pittsboro, Mississippi, and Williams was in Pittsboro when he was testifying in the case. We also judicially know that the municipalities of Pittsboro and Bruce are both in Calhoun County, Mississippi. Williams said further the crime occurred in the justice of the peace district No. 1, on public Highway No. 9. Again, witness said that he met the pick-up in which accused was traveling "out here on the hill."

Patrolman Davis, who was with Williams when they arrested the defendant, said he saw defendant "on highway 9 north of here—I told him he was under arrest and brought him to the jail here at Pittsboro," and turned him over to jailor Winkler. He also said they arrested Tillman between Pittsboro and Bruce.

Tillman said he was arrested between Pittsboro and Bruce. He first saw the patrolmen in Calhoun City; then he drove to Pittsboro; then to Bruce, "and he come behind me and stopped me." We judicially know that all three municipalities, Calhoun City, Pittsboro, and Bruce, are in Calhoun County, Mississippi.

 We think these circumstances sufficiently prove the crime occurred in Mississippi.

When the case was called for trial, but after the jury had been impaneled, defendant moved the court to dismiss the case for lack of jurisdiction, because he hoped to show by R. C. Murphree, the justice of the peace who found defendant guilty in the justice of the peace court, and expected to prove by himself and his attorney, that the judgment of conviction, contained in the transcript of the justice of the peace, was not correct in this: that the judgment recited the defendant appeared in open

court October 9, 1950, entered a plea of not guilty, was given a trial, evidence was heard, and defendant found guilty; that movant proposed to prove by the said three witnesses that defendant appeared in the justice of the peace court September 4, 1950, and that his case was continued for two weeks to enable him to procure counsel; and that on the date set defendant and his counsel appeared in said court and were informed by Davis, patrolman, that there would be no trial since defendant had already plead guilty; that counsel asked Murphree, justice of the peace, for a copy of, or permission to see, the judgment and was informed by Murphree that there was no judgment; whereupon Davis agreed to give defendant a trial October 9; that defendant and counsel appeared but were informed by Davis there would be no further trial, defendant having theretofore plead guilty. It is then said in the motion the circuit court had no jurisdiction because the judgment of the justice of the peace was not correct. The circuit judge refused to grant the motion. The judgment of the justice of the peace recites the defendant appeared, plead not guilty, announced ready for trial, ''and the court after hearing all evidence and duly considering same,'' was of the opinion defendant was guilty and then so found, imposing a fine of $100 and costs.

The action of the trial court was not error for these reasons:

The certificate of the justice of the peace to his transcript, which showed the judgment of conviction, was perfectly regular. Prima facie this conferred jurisdiction upon the circuit court. Sections 1198, 1199, and 1201, Miss. Code 1942; Stewart v. State, 179 Miss. 31, 174 So. 579.

The effort here was to contradict the judgment by oral proof. Murphree, the justice of the peace, could not impeach his record, assuming he would have so orally testified. Town of Purvis v. Rees, 99 Miss. 636, 55 So. 481.

 The motion states that defendant and his counsel, if permitted to testify, could only have testified that Murphree told them no judgment had been entered, which would have been hearsay and incompetent. These proposed witnesses never saw the docket. They could not know from their personal knowledge whether a judgment had been entered or not. In addition, while an incomplete record may be corrected by certiorari, "an alleged defect in the transcript of the record, or omission of essential parts thereof, cannot be supplied by oral testimony at the trial in the circuit court." Anthony v. Bassett, 172 Miss. 206, 159 So. 854.

 In addition to the foregoing, the case was tried anew in the circuit court. Sections 1201 and 1202, Code of 1942. If the circuit court had jurisdiction, which it did here, trial anew in that court waived mere irregularities in the justice of the peace trial. Holley v. State, 74 Miss. 878, 21 So. 923; Crum v. Brock, 136 Miss. 858, 101 So. 704.

Appellant does not contend he did not have a fair trial in the circuit court.

Affirmed.

**Alexander, Hall, Holmes,** and **Arrington, JJ.,** concur.