CLARK *v.* STATE

No. 40400          February 11, 1957          92 So. 2d 452

*C. F. Cowart,* Meadville; *E. C. Barlow,* Brookhaven, for appellant.

*John H. Price, Jr., Asst. Atty. Gen.* Jackson, for appellee.

GILLESPIE, J.

Appellant was tried and convicted in the justice of the peace court, District 3, Franklin County, of the unlawful possession of intoxicating liquor. On appeal to the circuit court, he was again convicted and appeals here.

We have reviewed numerous assignments of error and one requires reversal of the case. Discussion of the other assignments would only fill space in the books in reasserting established principles.

Appellant raises in this Court for the first time the contention that venue was not proven. The affidavit on which appellant was tried stated that the offense was committed in District 3, Franklin County, Mississippi. The affidavit for the search warrant was made before the justice of the peace for District 3, Franklin County, Mississippi, and the search warrant described the place to be searched as being in District 3, Franklin County, Mississippi. The only proof made by the State on the question of venue was that the place where the intoxicating liquor was found was in Bude, Franklin County, Mississippi.

■■ ■ The affidavit filed against appellant in the justice of the peace court was sufficient to give the circuit court jurisdiction to try the case, but it did not constitute proof that the crime was committed in District 3 of Franklin County, Mississippi. Crum v. State, 216 Miss. 780, 63 So. 2d 242. ■■■ The affidavit for search warrant and the search warrant are admissible for one purpose only, to show that the search was lawful. Those documents do not constitute any proof of venue. Sandifer v. State, 136 Miss. 836, 101 So. 862. ■■■ But the State says that we should take judicial notice that Bude, Mississippi, in Franklin County, is in Supervisor's District 3 of that County. This Court may take judicial notice that a certain town or city is in a certain county, but we have held that since there are no public acts establishing the boundaries of a supervisor's district and such boundaries may be and sometimes are changed, we cannot take judicial notice of the supervisor's district in which a town or city is located. Elzey v. State, 110 Miss. 502, 70 So. 579. ■■■ When a criminal case originates in the justice of the peace court and is appealed to

the circuit court for trial de novo the circuit court does not have jurisdiction unless the proof shows that the offense was committed in the district where the case originated. Sandifer v. State, supra; Crum v. State, supra. And this question may be raised for the first time in this Court. Street v. State, 209 Miss. 735, 48 So. 2d 358; Norwood v. State, 129 Miss. 813, 93 So. 354; ██ █ and when successfully raised here the case should be reversed and remanded, not reversed and rendered. Crum v. State supra.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Kyle* and *Arrington,* JJ., concur.