JONES *v.* STATE

No. 40401          April 15, 1957          94 So. 2d 235

*Charles H. Herring,* Meadville, for appellant.

890

J. R. Griffin, Asst. Atty. Gen., Jackson, for appellee.

Hall, J.

The appellant was charged by affidavit in a justice of the peace court with having in his possession intoxicating liquor, to-wit whiskey. At the first trial the jury disagreed and he was again tried and convicted and appealed to the circuit court, where he was tried again and was sentenced to pay a fine of $500.00 and the cost of court and to serve a term of 90 days in the county jail. From that judgment he appeals here.

The facts shown by the record are that the sheriff, in company with three other men, went to a point near the home of appellant which was situated about 70 to 100 yards from Highway 84 on the north side thereof near the town of Roxie. They turned up a side road which led to appellant's home as well as to several other houses in that vicinity, and while on this side road they met the appellant and his wife riding in the opposite direction in an automobile. The appellant said to his wife "Throw it out, there is the sheriff". Thereupon appellant's wife threw something out of the car. Upon a search immediately afterward the sheriff found an aluminum pitcher in which there was about one-half pint of home-made corn whiskey. The appellant and his wife both denied that anything was thrown from the car and denied that they had ever seen the pitcher before that time.

The appellant first contends that the circuit court had no jurisdiction on the appeal from a justice of the peace court because there was no certified copy of the proceedings had in the justice of the peace court,

and he sites several old cases which so hold. Those cases were decided before the adoption of the statute which is now Section 1987, Code of 1942, which section provides that no judgment in any case originating in a justice court, or in a municipal court, and appealed to the circuit court shall be reversed because it may appear in the Supreme Court transcript that the judgment or record of said justice or municipal court was not properly certified or was not certified at all, or was missing in whole or in part, unless the record further shows that objection on that account was made in the circuit court, in the absence of which objection in the circuit court there shall be a conclusive presumption that the defects mentioned did not exist in the circuit court proceedings. We think the amendment to the old law had the effect of overruling the several cases which appellant cites. In the trial of this case the only objection made to the transcript was that it is not under seal by the justice of the peace. We know of no law which requires a justice of the peace transcript to have a seal affixed thereto.

We dealt with great detail on this point and construed the statute cited in the case of Whittington v. State, 218 Miss. 631, 67 So. 2d 515, and under the holding in that case, there is no merit in appellant's first contention.

Appellant next contends that the sheriff had no right to search appellant's automobile without a search warrant. The evidence in the case at bar shows that the contraband whiskey was not obtained by reason of any search of appellant's automobile but was picked up by the sheriff by the side of the road on property which the record shows did not belong to and was not occupied by appellant. In the case of Jones v. State, 222 Miss. 387, 76 So. 2d 201, and in the authorities therein cited, we held that where evidence is obtained by the search of premises in which the defendant was not in

possession, he is in no position to complain of a search without a warrant.

■■■ Appellant next contends that on the trial in the circuit court the venue of the alleged crime was not proved. The affidavit charges that the offense occurred in Justice District No. 1 of Franklin County, Mississippi. There was no proof whatsoever that the alleged offense was committed in said District No. 1. The only proof was that it occurred just outside the corporate limits of the town of Roxie. In the case of Clark v. State, 92 So. 2d 452, not yet reported in the State Reports, we held that such proof is not evidence of venue and that this question may be raised for the first time in this Court. Numerous authorities to that effect are cited in the Clark case and we see no reason whatever to depart from the rule there laid down and on this point we are of the opinion that the judgment of conviction should be reversed and the cause remanded as was held in the Clark case, and that we should not reverse and render judgment here in favor of appellant, as contended by him.

■■■ The rule that on appeal from a conviction in the justice of the peace court for a misdemeanor, the State must prove in what district of the county the offense occurred is no new rule in Mississippi. Proof of venue in such cases has always been required in this state and it applies not only in liquor cases but in all other cases involving a misdemeanor where the defendant was first tried and convicted in a justice of the peace court.

■■■ The appellant also complains that the lower court committed error in permitting the deputy sheriff to testify over objection that on the way to the jail the appellant asked him "Why don't you and Mr. Earl (the sheriff) let me pay you and make us all some money"? The State argues that this was an admission against interest and therefore admissible on the trial of this

charge of possessing intoxicating liquor. We do not think it was an admission that he had possessed intoxicating liquor but rather that it was proof of an offer or attempt to bribe the officer, which is an entirely different offense from that for which the appellant was being tried, and on another trial of this case we think this testimony should not be admitted.

We do not think that the other questions raised are sufficiently serious to require a discussion.

Reversed and remanded.

*Roberds, P. J.,* and *Holmes, Ethridge* and *Gillespie,* JJ., concur.