BRADY, Justice:
This is an appeal from the Circuit Court of Madison County, Mississippi, wherein the appellant was found guilty of assault and battery with intent to kill and murder and was sentenced to serve a term of seven years in the Mississippi State Penitentiary. From that verdict and judgment this appeal is taken.
On September 13, 1970, Robert Cotton and William Preston Lowe were accompanied by two Negro girls from Tougaloo College. When attempting to back out from a congested parking area at the Village Grill, the state’s prosecuting witness, Robert Cotton, became involved in a struggle or fight with a companion of the appellant called “Don.” Subsequent thereto Cotton, accompanied by Lowe, drove to the campus of Tougaloo College and parked the station wagon in front of the gymnasium. When returning from apologizing to the two girls with whom they had been, Cotton was assaulted by the appellant who drew two pistols which he was carrying, and after firing seven shots he took dead aim and shot Cotton in the hip. This was testified to by the appellant who claimed that the other shots were fired over Cotton’s head and that he shot Cotton because he was afraid Cotton had a shotgun in the automobile which he had parked in front of the gymnasium and was going to shoot him.
One Jessie Lee Jenks testified for the appellant that he saw someone in Cotton’s station wagon with a shotgun. However, a search of the station wagon by the security officers wholly failed to reveal a shotgun or any weapon, and disclosed only a torn blue shirt which had been worn by Cotton during the prior struggle.
Three assignments of error are urged, but it is necessary for us to consider only one, namely, that the circuit court erred in refusing to grant the appellant’s motion for a directed verdict and appellant’s request for a peremptory instruction for the reason that venue was not proved by the state. It never fails to confound when we review records and discover that district attorneys still frequently fail to prove this essential jurisdictional fact, namely, the county and the state in which the violation took place.
The record discloses that all that was proven with reference to venue was that the station wagon was driven on the Toug-aloo College campus, parked in front of the gymnasium, and that the assault took place within a few feet of the car. Nowhere in the record is it alleged that Tougaloo College is located in Madison County or in the State of Mississippi. The appellee urges strenuously that we can take judicial knowledge of the fact that Tougaloo College is located in Madison County, State of Mississippi because in 1872 the legislature in its General Laws, Chapter CXIV, prohibited the sale of liquor “within three miles of the Tougaloo University, in the County of Madison, State of Mississippi * * The proof in the record whol *555 ly fails to establish the fact that Tougaloo College is situated in Madison County or in the State of Mississippi. All that was necessary to establish venue in this case was for a witness to testify that the violation took place in Madison County, State of Mississippi. The cases are numerous in which this Court has repeatedly held that venue must be clearly established by direct or circumstantial evidence and when it is undertaken to be proven by circumstantial evidence, this evidence must be absolutely inconsistent with any reasonable theory other than that sought to be proved. Turner v. State, 220 So.2d 295 (Miss.1969); Jones v. State, 230 Miss. 887, 94 So.2d 234 (1957); Clark v. State, 230 Miss. 143, 92 So.2d 452 (1957); Crum v. State, 216 Miss. 780, 63 So.2d 242 (1953); Whitten v. State, 189 Miss. 809, 199 So. 74 (1940); and Kitchens v. State, 186 Miss. 443, 191 So. 116 (1939).
The record does not disclose whether or not Tougaloo College is located solely in Madison County or if it is located not only in Madison County but also in Hinds County. This Court cannot take judicial knowledge of that which it does not commonly know, and for this reason this error has merit and this cause must be reversed and remanded. On a retrial of this case it should be also noted that Instruction No. 1 given to the State is erroneous in that it does not embody within it the intent to kill or murder on the part of the appellant. This error is not rectified by the other instructions given to the appellant or the appellee.
It is a dangerous practice to invoke the doctrine of judicial knowledge in trying criminal cases before a jury, and before judicial knowledge can be availed of as to matters of places and locations of venue, it must be a matter of such general or common knowledge that every man may know it. (Ussery v. State, 154 Miss. 704, 706, 123 So. 854 (1929)).
The cases are legion in support of this rule and citation thereof is unnecessary.
For these reasons, this case is reversed and remanded and the defendant is to remain in the custody of the sheriff pending the making of a good and sufficient bond or awaiting a new trial.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, IN-ZER and HARPER, JJ., concur.