556 So.2d 335 (1990)
George W. JACKSON
v.
STATE of Mississippi.
No. 07-58598.
Supreme Court of Mississippi.
January 17, 1990.
Clarence A. Whitaker, Vicksburg, for appellant.
Edwin Lloyd Pittman, Atty. Gen., (elected Supreme Court Justice Jan. 3, 1989) Mike C. Moore, Atty. Gen., Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ANDERSON, Justice, for the Court:
George W. Jackson was convicted of sexual battery in the Circuit Court of Warren County and sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections. Aggrieved by the conviction and sentence, Jackson timely appealed raising four issues as error by the lower court. We find no merit to any of the issues raised by Jackson; and therefore, we affirm. However, in affirming, we address the issue of whether the lower court erred in refusing to grant a peremptory instruction for a directed verdict after the State failed to establish venue of the crime.

FACTS
Jackson fathered two children by the victim's mother. The victim being the second of the two children. However, Jackson and the mother of his children never married each other. On April 15, 1987, for various reasons, the victim's mother asked Jackson *336 to keep the children overnight until a friend picked them up the next day. When Jackson arrived to take the children home with him, the victim said that she did not want to go with Jackson, began to cry and displayed unusual behavior.
The mother then took the victim into another room of the house to talk with her about her behavior. The victim told her mother, "Mama, I think it's about time I tell you." At this time, the victim related to her mother that Jackson had engaged in sexual intercourse with her on several occasions.
On the following morning, April 16, 1987, the mother reported the victim's recount of the sexual intercourse to the Welfare Department in Jackson. The victim then was taken to a physician for an examination. Various other reports and interviews were conducted by the appropriate authorities which we need not go into here with the exception that the victim, in a video interview, told a Warren County Deputy Sheriff that Jackson had sexual intercourse with her in November 1986 and three (3) times in January 1987 at his house on First North Street, as well as at the home of a friend of Jackson's.

I.
At trial the prosecutor put on several witnesses, including the victim and her mother, in order to establish the venue of the crime. Jackson argued, however, that the prosecution failed to prove the fact that the scene of the crime occurred in Warren County, Mississippi. Ruling on Jackson's motion for peremptory instruction, the trial court stated:
I will overrule the objection and take judicial notice that the dates and times complained of and the acts alleged to have occurred are all testified to as being in or about Warren County although, to the court's remembrance and counsel's remembrance, there is no specific mention of Warren County, State of Mississippi, as being the place of territory. But the court will judicially notice under the new rules that as the court understood the testimony, all references were to places in or about the county and the state.

II.
On appeal, Jackson again argues that the prosecution failed to establish venue of the crime of which he was convicted. However, Jackson incorrectly relies on Jackson v. State, 246 So.2d 553 (Miss. 1971), as basis for his argument for reversal. Unlike the case at bar, in Jackson the trial court took judicial notice that Tougaloo College was located in Madison County when, in fact, it is located in both Madison and Hinds Counties, and we correctly reversed. Here, the trial testimony reveals that the sexual battery occurred in Vicksburg by identifying specific street names unique to the surrounding community.
Testimony from the investigative officer which the trial judge used as a basis to take judicial notice that Vicksburg is located within Warren County included:
Q: Can you tell me, in your own words, what happened to you in January and before January?
A: George Jackson took me to his house. I can't remember the date, and he made me pull down my pants.
Q: Does this man live over here in Vicksburg?
A: Yes.
Q: Do you know what address?
A: No. He lives on First North.
* * * * * *
Q: Where else did it happen?
A: Over at his friend's house.
* * * * * *
Q: Does he live near First North Street?
A: No.
Q: He lives somewhere here in Vicksburg?
A: Yes, near the Army Reserve.
When the victim's mother was asked about the location of Jackson's friend house she testified:
A: I am familiar with Lee Street, ... That's where the baseball field is. I think its's Army-Navy.

*337 Q: Is that called Army Reserve Street? Where Confederate and Army Reserve?
A: Yes... .
We find that the trial court correctly took judicial notice of the fact that the crime of sexual battery by Jackson occurred in Warren County, Mississippi. Vicksburg is located only in Warren County which is located in the State of Mississippi. We may take judicial notice that a certain town or city is in a certain county. See Rule 201(b), Miss.R.Ev.; Clark v. State, 230 Miss. 143, 92 So.2d 452, 453 (Miss. 1957). Therefore, we affirm the judgment of the lower court.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON and BLASS, JJ., concur.
DAN M. LEE, P.J., and SULLIVAN, J., dissent.
PITTMAN, J., not participating.
DAN M. LEE, Presiding Justice, dissenting:
It is not the justice of today's case on its merits with which I am concerned; instead, it is the gradual whittling away of the burden of proof of the State of Mississippi required in a criminal case. That burden of proof is beyond a reasonable doubt, including the geographical location of the crime, called venue jurisdiction. Today's majority allows the establishing of venue as Warren County, Mississippi, by judicial knowledge, rather than proof. With this I must respectfully dissent., because our latest decision dealing with this subject is Jackson v. State (not the same Jackson here), 246 So.2d 553 (Miss. 1971).
The majority attempts to factually distinguish the Jackson case cited, contending that, in fact, Tougaloo College is located partially in Madison and Hinds Counties, Mississippi. This may or not be true, but having lived in the City of Jackson since 1947, I cannot take judicial knowledge of that fact, because I simply do not know that Tougaloo is so located in two counties. Be that as it may, the evil that the Jackson Court in 1971 was speaking to and reversed the case upon is the identical question in today's majority.
The Court in Jackson (1971) stated:
Three assignments of error are urged, but it is necessary for us to consider only one, namely, that the circuit court erred in refusing to grant the appellant's motion for a directed verdict and appellant's request for a peremptory instruction for the reason that venue was not proved by the state. It never fails to confound when we review records and discover that district attorneys still frequently fail to prove this essential jurisdictional fact, namely, the county and the state in which the violation took place. The record discloses that all that was proven with reference to venue was that the station wagon was driven on the Tougaloo College campus, parked in front of the gymnasium, and that the assault took place within a few feet of the car. Nowhere in the record is it alleged that Tougaloo College is located in Madison County or in the State of Mississippi. The appellee urges strenuously that we can take judicial knowledge of the fact that Tougaloo College is located in Madison County, State of Mississippi because in 1872 the legislature in its General Laws, Chapter CXIV, prohibited the sale of liquor "within three miles of the Tougaloo University, in the County of Madison, State of Mississippi... ." The proof in the record wholly fails to establish the fact that Tougaloo College is situated in Madison County or the State of Mississippi. All that was necessary to establish venue in this case was for a witness to testify that the violation took place in Madison County, State of Mississippi. The cases are numerous in which this Court has repeatedly held that venue must be clearly established by direct or circumstantial evidence and when it is undertaken to be proven by circumstantial evidence, this evidence must be absolutely inconsistent with any reasonable theory other than that sought to be proved. Turner v. State, 220 So.2d 295 (Miss. 1969); Jones v. State, 230 Miss. 887, 94 So.2d 234 (1957); Clark v. State, *338 230 Miss. 143, 92 So.2d 452 (1957); Crum v. State, 216 Miss. 780, 63 So.2d 242 (1953); Whitten v. State, 189 Miss. 809, 199 So. 74 (1940); and Kitchens v. State, 186 Miss. 443, 191 So. 116 (1939).
As in Jackson, the prosecution failed to prove the essential venue jurisdictional facts in this case: the county and state in which the violation took place. The record fails to show that the scene of the crime, First North Street, is situated in Warren County or in the State of Mississippi.
When asked to take judicial knowledge of the fact that Tougaloo College is located in Madison County, the Jackson Court further held:
This Court cannot take judicial knowledge of that which it does not commonly know, and for this reason this error has merit and this cause must be reversed and remanded.
Id. at 555. Here, as in Jackson, it is a "dangerous practice to invoke the doctrine of judicial knowledge in trying criminal cases before a jury." For this reason, I would reverse and remand for a new trial.
SULLIVAN, J., joins this dissent.