ROBERTS, J.,
for the Court:
¶ 1. In the early morning hours on January 1, 2010, Mississippi Highway Patrol Trooper Chris White issued Jimmy Bonds five driving citations. The citations were issued for the following reasons: a seatbelt violation, careless driving, failure to dim headlights, improper tag, and driving under the influence (DUI). Bonds’s first hearing occurred on March 16, 2010, in the Prentiss County Justice Court. He was convicted of first offense DUI. Bonds appealed his DUI conviction to the Prentiss County Circuit Court. At the de novo hearing on June 21, 2010, the circuit court found Bonds guilty of DUI first offense. Bonds now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. This appeal stems from a traffic stop that occurred at 3:00 a.m. on January 1, 2010. While traveling south on Highway 45 that morning, Trooper White encountered a vehicle driving north; the driver of the vehicle failed to dim the headlights when passing him. Trooper White turned to follow the vehicle, and after following the vehicle for approximately half a mile and witnessing it weave on the highway, he proceeded to stop the vehicle. Bonds, the driver of the vehicle, complied and pulled his vehicle to the side of the highway. Trooper White later testified that upon speaking with Bonds, he noted that Bonds was unsteady; had slurred speech; red, bloodshot eyes; and his breath smelled of alcohol. Trooper White inquired as to where Bonds had been and if he had been drinking; Bonds replied that he had been at Bushwhackers down in Baldwyn, Mississippi, where he had consumed approximately five or six drinks. Trooper White administered a portable Breathalyzer test to Bonds; the results *535 showed that Bonds had an intoxicating beverage in his system.
¶ 3. Based on this result and his observation of Bonds’s driving and behavior, Trooper White issued Bonds five citations. He received a citation for a seatbelt violation, careless driving, failure to dim headlights, and improper tag. He was also issued a citation for a first-offense DUI. The DUI citation showed checkmarks in two separate boxes. One box indicated that Bonds was in violation for being “under the influence of an intoxicating liquor.” The second box indicated that Bonds had “an alcohol concentration of eight one-hun-dreths percent (.08%) or more for persons who are above the legal age to purchase alcoholic beverages under state law, to wit _” Trooper White later filled in the blank with Bond’s Breathalyzer test of “,12%.” Bonds was transported to the Prentiss County Jail where he submitted to taking two Breathalyzer tests. The first test read .128. The second test read .134. He was held in the Prentiss County Jail until he was released on bond at approximately 7:30 a.m. on January 1, 2010.
¶ 4. A hearing was held in the justice court on March 16, 2010, and it resulted in a DUI first offense conviction of Bonds. He appealed his DUI first offense conviction to the circuit court; and on June 21, 2010, the circuit court conducted a de novo trial on the conviction. At the hearing, Bonds, through his attorney, moved to have the DUI charge dismissed based on an invalid affidavit because the citation was not timely filed. The circuit judge denied the motion. Trooper White was then subjected to examination by both sides. After Trooper White’s testimony, the State rested its case, and Bonds moved for a directed verdict on several grounds. He first argued that, at the hearing, Trooper White failed to identify Bonds as the man who drove the vehicle and was sitting as the defendant in the courtroom. He next argued that the State never offered any evidence as to the location of the offense, specifically that it was in Prentiss County[1] Mississippi thus, the circuit court was without proper jurisdiction. Third, he argued that Trooper White had no authority to administer the Breathalyzer tests, so the results of the tests were invalid. Lastly, he again argued that the DUI charge should be dismissed because the citation was not filed timely. The circuit judge overruled Bonds’s motion and found him guilty of first-offense DUI based on common-law DUI elements. The circuit judge imposed a $250 fine. Bonds was also sentenced to complete the MASEP program.
¶ 5. Feeling aggrieved, Bonds perfected his appeal on August 16, 2010. On appeal, he raises the following two issues, which we recite verbatim:
I. Whether the State must prove that the alleged offense occurred in Pren-tiss County, Mississippi in order to invoke the jurisdiction of, and establish venue in, the justice and circuit courts of Prentiss County, Mississippi.
II. Whether the citation must conform to the requirements of the Uniform Traffic Ticket Law in order to be a valid sworn affidavit.
STANDARD OF REVIEW
¶ 6. A motion for a directed verdict challenges the sufficiency of the evidence; therefore, on appeal, “the critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.’ ” Jones v. State, 904 So.2d 149, 153 (¶ 12) (Miss.2005) (quoting Carr v. State, 208 So.2d 886, 889 *536 (Miss.1968)). “In analyzing the sufficiency of the evidence, ‘[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” Barfield v. State, 22 So.3d 1175, 1185 (¶ 34) (quoting Jones v. State, 904 So.2d 149, 153-54 (¶ 12) (Miss.2005)).
ANALYSIS
I. Proof of Venue
¶ 7. Bonds first argues that the circuit court erred by denying his motion for a directed verdict on the issue that the State failed to affirmatively establish venue or “rule out any other ‘reasonable theory.’ ” To support his argument, Bonds relies on the Mississippi Supreme Court ease Kitchens v. State, 186 Miss. 443, 191 So. 116 (1939). In Kitchens, the supreme court reversed Robert Kitchens’s conviction of driving a car while in a state of intoxication because the State failed to prove where the incident occurred and did not establish venue because “the only proof offered by the State was that the appellant was drunk when he drove his automobile up to the home of the chief prosecuting witness, and that this witness lived ‘about two miles below Star, off of 49 Highway on the road known as the Stewart and Ella Ross road, in District No. 1 of Rankin County.’ ” Id. at 117. The supreme court further stated that the State failed to offer proof that the offense was committed in Mississippi and “what distance the witness lived from where the trial was being conducted.... ” Id. While recognizing the supreme court’s concern in liberally permitting judicial knowledge of places and locations to establish venue as discussed in Kitchens, we find that the evidence presented in the current case rises above what was presented in Kitchens and is sufficient to support the circuit judge’s decision that venue had been proven and that the motion for a directed verdict was properly denied. We find the case of Bearden v. State, 662 So.2d 620 (Miss.1995), which is relied upon by the State, is more on point. In Bearden, the supreme court affirmed Bearden’s DUI conviction although he argued that the lower court was without jurisdiction because it had not been properly established.[1] Id. at 625. The supreme court stated that venue was proven by the testimony of a witness and, further, that the heading on the citation “inform[ed] Bear-den that Sunflower County is the place of the offense.” Id. In the current case, all five citations, including the DUI citation, list Prentiss County as the county in which the offense occurred. Other evidence includes testimony from Trooper White that he had been transferred to Prentiss County to work as a trooper. He also testified that when he took Bonds to the jail, they went to the Prentiss County Jail. When questioned, he further confirmed that the hearing that day was being held in Pren-tiss County. Trooper White also testified that on that night he was on duty and was “traveling southbound on U.S. [Highway] 45. [He] met a vehicle going northbound on U.S. [Highway] 45.” Finally, the Breathalyzer consent form that was entered into evidence at trial as State’s Exhibit 2 and is signed by Trooper White lists the county where the violation occurred as Prentiss County.[2] At the hearing, the circuit judge stated that it was his “recollection that the *537 officer testified he was working in Prentiss County and met the vehicle because of bright lights, he went across the median, he pursued him, there was no tag, he stopped him. It’s my — I’m not concerned about the location. I do believe that it was shown that it was in Prentiss County based upon his testimony.” After viewing the evidence in the light most favorable to the prosecution, we find that the circuit judge did not err in overruling Bonds’s motion for a directed verdict as a rational trier of fact could have determined that the evidence was sufficient to prove venue.
¶ 8. Finding no error, this issue is without merit.
II. Validity of the DUI Citation
¶ 9. Bonds’s second issue involves the timeliness in which Trooper White filed the DUI citation with the clerk of the court. Bonds’s primary argument is that the circuit judge erred in not dismissing the DUI charge because Trooper White did not timely file the citation. He initially raised this issue as a pretrial motion to dismiss and in his motion for a directed verdict; the circuit judge overruled both motions. The DUI citation issued to Bonds lists the day that it was sworn and attested to as January 8, 2010. The remaining citations show that they were sworn and attested to on January 5, 2010. At the hearing, Trooper White testified that he actually filed, swore and attested to the DUI citation on the same day as the other citations, but an error at the clerk’s office required him to re-swear to the citation on January 8, 2010.
¶ 10. Mississippi Code Annotated section 63-9-21 (Rev.2004) is also known as the Uniform Traffic Ticket Law and contains the provisions on how traffic tickets should be filed, what information must be on the ticket, and the ramifications for the failure to issue a ticket in the proper manner. Specifically, Mississippi Code Annotated section 63-9-21(6) states, in part, that “if a ticket is issued and the person is incarcerated based upon the conduct for which the ticket was issued, the ticket shall be filed with the clerk of the court to which it is returnable no later than 5:00 p.m. on the next business day, excluding weekends and holidays, after the date and time of such incarceration.” Bonds argues that, pursuant to Mississippi Code Annotated section 63-9-21(6), Trooper White should have filed the DUI citation with the clerk of court no later than 5:00 p.m. on January 4, 2010; therefore, his failure to do so requires dismissal of the case. Interestingly, Bonds relies on Bearden, to argue that, although this particular issue has not been before this Court, violation of this section of the statute requires dismissal because the supreme court found that failure to comply with section 63-9-21(3)(c) requires dismissal. Our reading of Bear-den reveals no such premise. The only discussion found in Bearden is Bearden’s argument that the circuit court lacked jurisdiction to hear the case because the citation was not sworn to as required by statute. Bearden, 662 So.2d at 625. On that issue, the supreme court simply stated that the officer complied with the statute and properly swore to the citation. Id. There is no discussion found in the opinion that requires dismissal based on the failure to comply with the statute. Further, there are cases to support the proposition that even a defect in a citation can be amended before trial as long as the defendant was not harmed by the defect. See Wildmon v. City of Booneville, 980 So.2d 304, 307 (¶¶ 6-7) (Miss.Ct.App.2007). In this case, Bonds was not held in jail until January 5, 2010, or January 8, 2010. He bonded out of jail approximately three hours later. We cannot see how he would have been harmed by Trooper White’s late filing.
*538 ¶ 11. Bonds next relies on his own interpretation of the statute’s legislative history to support his argument that the citation should be dismissed. He argues that since the statute was adopted, there have been several amendments introduced that would change the language in the statute to include a disclaimer that the officer’s failure to timely file the citation could not result in dismissal of the citation. Bonds submits that since these proposed amendments failed, “it can only be concluded that the Legislature intended [Mississippi Code Annotated section 63-9-21(6) ] to be a jurisdictional prerequisite requiring dismissal of the citation for failing to comply therewith.” We decline to extend this interpretation that the Legislature’s rejection of the amendments should logically mean that failure to timely file the citation requires dismissal. Therefore, we affirm the circuit judge’s denial of Bonds’s motion' for a directed verdict.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF PRENTISS COUNTY OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF COMPLETION OF THE MASEP PROGRAM AND TO PAY A $250 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PREN-TISS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. Mr. Bearden’s first name is not contained in the opinion.

. The form also shows the warning that was read to Bonds regarding his right to refuse the test. It further contains the results of the Breathalyzer tests administered to Bonds.